COURT OF APPEALS

                                         SECOND
DISTRICT OF TEXAS

                                                      FORT
WORTH

 

 

                                           NO.
2-07-139-CR

 

 

CHARLES ELLIS BROWN                                                       APPELLANT

 

                                                      V.

 

THE STATE OF TEXAS                                                                 STATE

 

                                                  ------------

 

             FROM THE 213TH
DISTRICT COURT OF TARRANT COUNTY

 

                                                  ------------

 

                                  MEMORANDUM OPINION[1]

 

                                                  ------------








Appellant Charles Ellis Brown was charged by
indictment with capital murder and murder. 
The jury acquitted him of capital murder, convicted him of the lesser
included offense of murder, and assessed his punishment at twenty years=
incarceration in the Institutional Division of the Texas Department of Criminal
Justice.  The trial court sentenced him
accordingly.  Appellant brings a single
point on appeal, challenging the legal sufficiency of the evidence to support
the jury=s
verdict.  He specifically argues that the
evidence is legally insufficient to sustain his conviction for murder because
his actions were not voluntary.

Andre Dade and Gary Shaw arrived at an empty
parking lot behind a church for a pre-arranged drug deal with Gerald ADiamond@ Davis,
but Davis had no drugs to sell.  Davis
had told Appellant that he planned to rob Dade by setting up a fake drug deal,
and Appellant agreed to help him.  Dade
and Shaw stayed in their car, and Davis got in the back seat, counted the
money, and motioned to Appellant to come over. 
Appellant got in the back seat of the car, pulled out a gun, and pointed
it at Dade, who was sitting in the front seat. 
Davis immediately exited the car, taking the money with him, and fled
the scene.  Shaw also jumped out of the
car.

Appellant and Dade fought.  Shaw heard two shots and saw Dade fall and
stop moving.  Davis also heard two shots
as he was running away.








Appellant testified that after he pulled the gun
on Dade, Dade lunged for him, and he panicked. 
He did not intend to pull the trigger. 
Appellant took responsibility for shooting Dade but denied that it was
an intentional act. Appellant testified that he did not know whose finger was
on the trigger when the gun discharged. 
Appellant also admitted that the purpose of using a firearm to commit a
robbery is to threaten people with death if they do not comply.

Detective Curt Brannan, a detective with the Fort
Worth Police Department, testified that at least part of what Appellant had
told him was consistent with an accident. 
He refused, however, to classify the shooting as an accident.  There was evidence that Detective Brannan had
asked Appellant how many times he fired the gun, and Appellant had responded, AI think
it was just one time.@ 
But the evidence also reflected that Dade suffered two gunshot
wounds.  Detective Brannan testified that
with an accidental shooting, he would expect a single gunshot wound, not two.

The trial court charged the jury on capital
murder and also on intentional murder and murder by intending to cause serious
bodily injury and committing an act clearly dangerous to human life.[2]  The trial court also instructed the jury to
acquit Appellant if the jury found or had a reasonable doubt whether the
shooting was not the result of a voluntary act of Appellant.













In reviewing the legal sufficiency of the
evidence to support a conviction, we view all the evidence in the light most
favorable to the prosecution in order to determine whether any rational trier
of fact could have found the essential elements of the crime beyond a
reasonable doubt.[3]  This standard gives full play to the
responsibility of the trier of fact to resolve conflicts in the testimony, to
weigh the evidence, and to draw reasonable inferences from basic facts to
ultimate facts.[4]  The jury in this case could believe all,
some, or none of the testimony presented by each witness,[5]
and as the trier of fact is the sole judge of the weight and credibility of the
evidence.[6]  Thus, when performing a legal sufficiency
review, we may not re-evaluate the weight and credibility of the evidence and
substitute our judgment for that of the factfinder.[7]  Instead, we Adetermine
whether the necessary inferences are reasonable based upon the combined and
cumulative force of all the evidence when viewed in the light most favorable to
the verdict.@[8]  We must presume that the factfinder resolved
any conflicting inferences in favor of the prosecution and defer to that
resolution.[9]

Based on this standard of review, we hold that
the evidence detailed above is legally sufficient to support the jury=s
verdict, overrule Appellant=s sole
point, and affirm the trial court=s
judgment. 

 

LEE
ANN DAUPHINOT

JUSTICE

 

PANEL:  CAYCE, C.J.; DAUPHINOT and MCCOY, JJ.

 

DO NOT PUBLISH

Tex. R. App. P. 47.2(b)

 

DELIVERED:  November 26, 2008











[1]See Tex. R. App. P. 47.4.





[2]See Tex. Penal Code Ann. '' 19.02B.03 (Vernon 2003).





[3]Jackson v. Virginia, 443 U.S. 307, 319, 99
S. Ct. 2781, 2789 (1979); Clayton v. State, 235 S.W.3d 772, 778 (Tex.
Crim. App. 2007).





[4]Jackson, 443 U.S. at 319, 99 S.
Ct. at 2789; Clayton, 235 S.W.3d at 778.





[5]Chambers v. State, 805 S.W.2d 459, 461
(Tex. Crim. App. 1991).





[6]See Tex. Code Crim. Proc.
Ann. art. 38.04 (Vernon 1979); Margraves v. State, 34 S.W.3d 912, 919
(Tex. Crim. App. 2000).





[7]Dewberry v. State, 4 S.W.3d 735, 740 (Tex.
Crim. App. 1999), cert. denied, 529 U.S. 1131 (2000).





[8]Hooper v. State, 214 S.W.3d 9, 16B17 (Tex. Crim. App.
2007).





[9]Jackson, 443 U.S. at 326, 99 S.
Ct. at 2793; Clayton, 235 S.W.3d at 778.