TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-09-00353-CR






Bradley Morales, Appellant


v.


The State of Texas, Appellee






FROM THE COUNTY COURT OF MILAM COUNTY

NO. CR29930, HONORABLE FRANK SUMMERS, JUDGE PRESIDING





M E M O R A N D U M O P I N I O N


 Bradley Morales was convicted of criminal mischief for throwing a brick through
Ruby Lattimore's car windshield. See Tex. Penal Code Ann. § 28.03(a)(1) (West Supp. 2010). 
Punishment was assessed at thirty days' confinement in Milam County jail plus court costs, fees, and
restitution. On appeal, Morales argues that the evidence was legally and factually insufficient to
support his conviction because there was no evidence that he lacked Lattimore's consent to damage
her property. We affirm.


FACTUAL AND PROCEDURAL BACKGROUND

 Morales stipulates that he threw a brick through the windshield of Ruby Lattimore's
car while it was parked outside the Central Texas Hospital, causing approximately $300 in damage. 
Lattimore was inside the building at the time. The State charged Morales with criminal mischief,
see id., and the jury found him guilty. Morales appeals, arguing that the evidence was legally and
factually insufficient to support his conviction.


STANDARD OF REVIEW

 In reviewing a legal sufficiency challenge, we view the evidence in the light most
favorable to the verdict and determine whether a rational trier of fact could have found the essential
elements of a crime beyond a reasonable doubt. Salinas v. State, 163 S.W.3d 734, 737 (Tex. Crim.
App. 2005). The jury, as the trier of fact, "is the sole judge of the credibility of the witnesses and of
the strength of the evidence." Fuentes v. State, 991 S.W.2d 267, 271 (Tex. Crim. App. 1999). The
jury may choose to believe or disbelieve any portion of the testimony. Sharp v. State, 707 S.W.2d
611, 614 (Tex. Crim. App. 1986). The jury may also draw reasonable inferences from basic facts
to ultimate facts. Clewis v. State, 922 S.W.2d 126, 133 (Tex. Crim. App. 1996). When faced with
conflicting evidence, we presume the trier of fact resolved conflicts in favor of the prevailing party. 
Turro v. State, 867 S.W.2d 43, 47 (Tex. Crim. App. 1993).

 In evaluating the factual sufficiency (1) of the evidence, we view all the evidence in a
neutral light and will set aside the verdict only if we are able to say, with some objective basis in the
record, that the conviction is clearly wrong or manifestly unjust because the great weight and
preponderance of the evidence contradicts the jury's verdict. Watson v. State, 204 S.W.3d 404,
414-17 (Tex. Crim. App. 2006). We cannot conclude that a conflict in the evidence justifies a new
trial simply because we disagree with the jury's resolution of that conflict, and we do not intrude
upon the fact-finder's role as the sole judge of the weight and credibility of witness testimony. See
id. at 417; Fuentes, 991 S.W.2d at 271. The fact-finder may choose to believe all, some, or none of
the testimony presented. Chambers v. State, 805 S.W.2d 459, 461 (Tex. Crim. App. 1991);
Bargas v. State, 252 S.W.3d 876, 888 (Tex. App.--Houston [14th Dist.] 2008, no pet.). 


DISCUSSION

 Morales argues that the evidence was legally and factually insufficient to support his
conviction because there was no evidence that he lacked Lattimore's consent to damage her
windshield. See Tex. Penal Code § 28.03(a) (lack of effective consent is element of offense of
criminal mischief); id. § 2.01 (West 2003) (State must prove every element of offense beyond
reasonable doubt). He notes that Lattimore never testified that she did not consent to him damaging
her windshield. The State concedes this point, but it argues that Lattimore's lack of consent was
established through circumstantial evidence.

 We agree with the State. Lack of effective consent can, like any other element of a
crime, be established circumstantially. Hathorn v. State, 848 S.W.2d 101, 107 (Tex. Crim. App.
1992); Prescott v. State, 610 S.W.2d 760, 763 (Tex. Crim. App. 1981). Although Lattimore did not
testify that she did not consent to Morales damaging her windshield, she did testify that she had
never met Morales and did not know him at the time he damaged her windshield. See Fearance
v. State, 771 S.W.2d 486, 511 (Tex. Crim. App. 1988) (fact that victim did not know perpetrator was
sufficient to establish lack of effective consent). She also testified that she was upset when she
learned that her windshield had been damaged. The jury was free to believe this testimony and to
infer from it that Lattimore had not consented to Morales damaging her windshield. Sharp,
707 S.W.2d at 614; Clewis, 922 S.W.2d at 133. Morales cites no evidence suggesting that Lattimore
actually did consent to Morales damaging her windshield. We find the evidence to be legally and
factually sufficient to sustain the conviction, and we affirm the trial court's judgment.



 __________________________________________

 David Puryear, Justice

Before Justices Patterson, Puryear and Henson

Affirmed

Filed: October 27, 2010

Do Not Publish
1. Subsequent to this appeal being filed, the court of criminal appeals determined that legal
sufficiency is the only standard by which appellate courts may ascertain the sufficiency of the
evidence supporting a conviction. Brooks v. State, No. PD-0210-09, 2010 Tex. Crim. App. LEXIS
1240 at *57 (Tex. Crim. App. Oct. 6, 2010). However, because the deadline for filing a motion for
rehearing in Brooks has not passed, we will address Morales's factual sufficiency issue.