

# IN THE
# TENTH COURT OF APPEALS

## No. 10-11-00410-CR

**MICHAEL DAVID SPICER,**

**Appellant**

**v.**

**THE STATE OF TEXAS,**

**Appellee**

### From the 40th District Court
### Ellis County, Texas
### Trial Court No. 32649CR

## MEMORANDUM OPINION

Michael David Spicer was charged with two counts of aggravated sexual assault of a child. The jury convicted Spicer on both counts and assessed his punishment at 30 years confinement for each count. The trial court ordered the sentences to be served consecutively. We affirm.

## Sufficiency of the Evidence

In the sole issue on appeal, Spicer contends that the evidence is insufficient to support his convictions. The Court of Criminal Appeals has expressed our standard of review of a sufficiency issue as follows:

> In determining whether the evidence is legally sufficient to support a conviction, a reviewing court must consider all of the evidence in the light most favorable to the verdict and determine whether, based on that evidence and reasonable inferences therefrom, a rational fact finder could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 318-19 (1979); *Hooper v. State*, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007). This "familiar standard gives full play to the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts." *Jackson*, 443 U.S. at 319. "Each fact need not point directly and independently to the guilt of the appellant, as long as the cumulative force of all the incriminating circumstances is sufficient to support the conviction." *Hooper*, 214 S.W.3d at 13.

*Lucio v. State*, 351 S.W.3d 878, 894 (Tex. Crim. App. 2011).

The Court of Criminal Appeals has also explained that our review of "all of the evidence" includes evidence that was properly and improperly admitted. *Conner v. State*, 67 S.W.3d 192, 197 (Tex. Crim. App. 2001). And if the record supports conflicting inferences, we must presume that the factfinder resolved the conflicts in favor of the prosecution and therefore defer to that determination. *Jackson v. Virginia*, 443 U.S. 307, 326, 99 S. Ct. 2781, 61 L. Ed. 2d 560 (1979). Further, direct and circumstantial evidence are treated equally: "Circumstantial evidence is as probative as direct evidence in establishing the guilt of an actor, and circumstantial evidence alone can be sufficient to establish guilt." *Hooper v. State*, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007). Finally, it is well established that the factfinder is entitled to judge the credibility of witnesses and

can choose to believe all, some, or none of the testimony presented by the parties. *Chambers v. State*, 805 S.W.2d 459, 461 (Tex. Crim. App. 1991).

M.S. is the seven year-old biological daughter of Spicer. M.S. lived with her younger sister, Spicer, and Spicer's girlfriend, Michelle Kiser. M.S. referred to Kiser as her mother. Child Protective Services received a call that M.S. was at risk for sexual abuse. Kiser took M.S. to the Gingerbread House (the Ellis County Children's Advocacy Center) where she was interviewed by Teresa Evans.

During the interview, M.S. told Evans that no one had touched her in her private areas and that she had not been asked to look at another person's private parts. Evans concluded the interview, and M.S. left with Kiser. Kiser reinforced the meaning of private parts to M.S. and asked if M.S. needed to tell her anything. M.S. told Kiser that she was scared and that she did not tell Evans the whole truth. Kiser took her back to The Gingerbread House, and Evans conducted a second interview that same day.

M.S. told Evans that she had forgotten to tell her something and that she was scared to tell her. M.S. said that Spicer would put his "private" in her mouth and that he made her hold his "private" until he was done. M.S. explained that when Spicer was done "stuff would come out of it, and it looked like spit." M.S. further told Evans that Spicer put his "private" in her "butt" and that it hurt. M.S. said that Spicer would watch private shows on his computer and that she would watch cartoons when he did these things to her.

M.S. testified at trial that Spicer took off her pants and put his "private up [her] butt" and that it hurt. M.S. said that Spicer would get a rag with warm water on it and

"then he - - he would wipe me and then it would be done." M.S. stated that she watched cartoons and Spicer watched a "show on how to do it" on the computer while doing these things to her. M.S. further testified that Spicer put his "private" in her mouth. M.S. said that she had to hold Spicer's "private" with her hands while he put it in her mouth and that "some white stuff that looks kind of like spit" came out of his private. M.S. stated that these things happened while her mommy (Kiser) was at work.

Section 22.021 of the Penal Code provides that:

> (a) A person commits an offense:
> (1) if the person:
> …
>
> (B) intentionally or knowingly:
> (i) causes the penetration of the anus or sexual organ of a child by any means;
> (ii) causes the penetration of the mouth of a child by the sexual organ of the actor;
> (iii) causes the sexual organ of a child to contact or penetrate the mouth, anus, or sexual organ of another person, including the actor;
> (iv) causes the anus of a child to contact the mouth, anus, or sexual organ of another person, including the actor; or
> (v) causes the mouth of a child to contact the anus or sexual organ of another person, including the actor; and
>
> (2) if:
> …
>
> (B) the victim is younger than 14 years of age;

TEX. PENAL CODE ANN. § 22.021 (a) (West Supp. 2011).

Spicer specifically argues that Kiser manipulated M.S. into making an outcry. After the first interview, Evans instructed Kiser not to discuss the interview with M.S. Kiser testified that she reinforced to M.S. what "private area" means and that she asked

M.S. if she wanted to talk about anything. Spicer contends that because M.S. initially denied that anyone had touched her privates when interviewed by Evans, but then made the outcry after talking with Kiser, the evidence is insufficient to support his convictions for aggravated sexual assault.

Evans testified that she did not feel that Kiser had told M.S. to make the outcry on the second interview. During the second interview, approximately one hour after the first interview, M.S. told Evans detailed information about how Spicer put his private in her mouth and "butt." M.S. testified at trial that Spicer put his "private" in both her mouth and her "butt." A rational fact finder could have found the essential elements of the aggravated sexual assault beyond a reasonable doubt. We overrule the sole issue.

**Conclusion**

We affirm the judgment of the trial court.


AL SCOGGINS
Justice

Before Chief Justice Gray,
    Justice Davis, and
    Justice Scoggins
Affirmed
Opinion delivered and filed May 16, 2012
Do not publish
[CRPM]