

# IN THE
# TENTH COURT OF APPEALS

## No. 10-11-00324-CR

**JAMES BERRY SHUMAKE,**

**Appellant**

**v.**

**THE STATE OF TEXAS,**

**Appellee**

### From the 40th District Court
### Ellis County, Texas
### Trial Court No. 35,333CR

## MEMORANDUM OPINION

James Berry Shumake was convicted of forgery, enhanced by prior convictions, and sentenced to 18 years in prison. *See* TEX. PENAL CODE ANN. § 32.21 (West 2011). In two issues, Shumake contends the evidence is insufficient to support his conviction. We affirm.

A person commits the offense of forgery if he forges a writing with intent to defraud or harm another. *Id.* § 32.21(b). As charged in the indictment, "forge" means to transfer or pass a writing that is made or authenticated so that it purports to be the act of another who did not authorize that act. *Id*. (a)(A)(i), (B).

*Standard of Review*

In reviewing the sufficiency of the evidence to support a conviction, we view all the evidence in a light most favorable to the prosecution to determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 107, 319, 99 S. Ct. 2781, 61 L. Ed. 2d 560 (1979); *Merritt v. State*, No. PD-0916-11, 2012 Tex. Crim. App. LEXIS 569 at *25 (Tex. Crim. App. Apr. 18, 2012); *Brooks v. State*, 323 S.W.3d 893, 899 (Tex. Crim. App. 2010) (plurality op.). And if the record supports conflicting inferences, we must presume that the factfinder resolved the conflicts in favor of the prosecution and therefore defer to that determination. *Jackson*, 443 U.S. at 326. The factfinder is entitled to judge the credibility of witnesses and can choose to believe all, some, or none of the testimony presented by the parties. *Chambers v. State*, 805 S.W.2d 459, 461 (Tex. Crim. App. 1991).

*Identification*

In his first issue, Shumake argues the trial court erred in denying his motion for instructed verdict because the State failed to prove that he was the person who presented the check. A complaint about a trial court's failure to grant a motion for directed verdict is a challenge to the legal sufficiency of the evidence. *Canales v. State*, 98 S.W.3d 690, 693 (Tex. Crim. App. 2003); *Long v. State*, 137 S.W.3d 726, 736 (Tex. App.— Waco 2004, pet ref'd). Shumake appears to argue that because the in-court identification of him was improper, the evidence was insufficient. There was no objection to the manner of the in-court identification. To the extent Shumake contends

there was error, it is not preserved. TEX. R. APP. P. 33.1. Further, even if there was error in the in-court identification process, our sufficiency review of "all of the evidence" includes evidence that was properly and improperly admitted. *Conner v. State*, 67 S.W.3d 192, 197 (Tex. Crim. App. 2001).

Kelly Tyler, a bank teller, testified that Shumake walked into the bank and stood in front of her station. He asked to cash a check and presented her the check and his picture I.D. Tyler identified the check and the I.D. as those given to her by Shumake. Tyler testified that she checked the picture on the I.D. with the person standing in front of her to make sure the picture and person matched, which they did. Tyler also testified that she was able to get a good look at Shumake and identified him at trial as the same person who presented her with the check and the I.D. On cross-examination, she stated that she had the opportunity to view Shumake for about 5 minutes while she verified the check and sent an email to a co-worker regarding the check. She also stated that on a scale of one to ten, she ranked her ability to recognize Shumake outside the courtroom setting at an eight or a nine.

After reviewing the evidence under the appropriate standard, we find it sufficient to prove that Shumake was the person who presented the check. The trial court did not err in denying Shumake's motion for directed verdict. His first issue is overruled.

*Intent*

In his second issue, Shumake contends the evidence is insufficient to prove that

he had the intent to harm or defraud another. The State may, of course, establish intent to defraud or harm by circumstantial evidence as well as by direct evidence. *Burks v. State*, 693 S.W.2d 932, 936-937 (Tex. Crim. App. 1985). And in a sufficiency review, circumstantial evidence is as probative as direct evidence. *Hooper v. State*, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007).

Tyler testified that she contacted the owner of the business who purported to issue the check to Shumake. The owner did not know Shumake and did not write or authorize a check to be written to Shumake. Tyler had noticed that the signature on the check appeared to be a stamped signature and knew that the owner had not authorized checks to be signed with a stamp. Shumake was standing in front of Tyler when she made the call to the business owner and could hear her conversation. When Tyler hung up the phone, Shumake asked what was taking so long. When Tyler explained that it was normal procedure to verify the items that are presented, Shumake said that he had to go to his car and left the bank. He left the check and his I.D. and did not return.

After reviewing the evidence under the appropriate standard, we find that, while there may not be direct evidence of an intent to harm or defraud another, the circumstantial evidence is sufficient to prove such intent. Shumake's second issue is overruled.

*Conclusion*

Having overruled each issue on appeal, we affirm the trial court's judgment.

TOM GRAY
Chief Justice

Before Chief Justice Gray,
      Justice Davis, and
      Justice Scoggins
Affirmed
Opinion delivered and filed August 30, 2012
Do not publish
[CR25]