

# IN THE
# TENTH COURT OF APPEALS

## No. 10-11-00307-CR

**MAURICE ANTHONY LESLIE,**

Appellant

v.

**THE STATE OF TEXAS,**

Appellee

From the 52nd District Court
Coryell County, Texas
Trial Court No. FO-11-20658

## MEMORANDUM OPINION

The trial court convicted Appellant Maurice Anthony Leslie of the offense of evading arrest or detention, enhanced to a state jail felony by a prior conviction for evading arrest or detention, and assessed his punishment at fifteen months' confinement in state jail. This appeal ensued. In his sole issue, Leslie contends that the evidence was insufficient to support a finding that the officer was attempting a lawful detention of him. We will affirm.

The evidence presented in this case was as follows: Copperas Cove Police

Officer Felis Reyna testified that at about 11:30 p.m. on the night of September 3, 2010, he was patrolling around the 300 block of West Highway 190 when a maroon 1994 Lincoln Town Car caught his attention. The car was in the parking lot of a mechanic shop that was closed, and Officer Reyna stated, "At that time of night, no one is usually in there." When asked what kind of area of Copperas Cove the mechanic shop was located in, Officer Reyna replied, "That area is an area of interest for us. It's real close to Sunset and Casa. We're pretty active and busy there." Officer Reyna explained that Sunset and Casa are places with high criminal activity. Officer Reyna also stated that they have had "reports of burglaries in the Westview area or Urbankte area which is running parallel to Sunset."

Officer Reyna testified that the Lincoln Town Car in the mechanic shop parking lot was right beside the building and was "creeping" at a very slow pace. The car's parking lamps were on, but the headlights were off. Officer Reyna, however, described the lighting around the mechanic shop as "very horrible." Officer Reyna explained, "There's hardly any lights near that business. A couple of lights on the side of the building that don't illuminate anything. They don't even hit the ground." Officer Reyna passed the car and then as he turned around, the car pulled out of the parking lot and turned eastbound onto Highway 190. When asked if the car had its headlights on when it left the parking lot or if the car continued on with just its parking lamps on, Officer Reyna replied that the driver of the car, later identified as Leslie, turned the headlights on at some point but that he did not know when it was.

Officer Reyna testified that he followed the car and eventually caught up to it in

the 700 block of Shady Lane.  Officer Reyna activated his overhead lights, and the car pulled into the driveway of a residence after about twenty to thirty feet.  Before Officer Reyna could even stop his own vehicle, Leslie exited the car.  Officer Reyna thus hurried and exited his own vehicle.  Officer Reyna said Leslie was "immediately defensive" when he approached him.  Officer Reyna asked Leslie for his identification and if he knew the people at the residence.  Leslie replied that the people at the residence were old friends of his, but he acted hesitant about giving Officer Reyna his identification.  Officer Reyna said that Leslie continued to act in a defensive manner.  Officer Reyna stated, "He would approach me and then kind of step back, approach, kind of step back, never reaching for any kind of gesture, grab a wallet or anything like that."  Officer Reyna then asked Leslie again for his identification.  Leslie made a gesture like he was going to grab his identification or something out of his pocket but then took off running.  Officer Reyna stated that he had not decided to arrest Leslie at that point but that he was detaining him to try to find out what was going on.

Officer Reyna testified that when Leslie took off running, he gave chase but was unable to catch him.  Officer Reyna went back to the residence, inventoried the car, and eventually determined that Leslie was the person that he had just attempted to stop and detain.  When Officer Reyna ran a criminal history check on Leslie, he determined that Leslie had a previous evading arrest conviction.  The State and the defense stipulated that Leslie voluntarily turned himself in on September 14, 2010.

The Court of Criminal Appeals has expressed our standard of review of a sufficiency issue as follows:

In determining whether the evidence is legally sufficient to support a conviction, a reviewing court must consider all of the evidence in the light most favorable to the verdict and determine whether, based on that evidence and reasonable inferences therefrom, a rational fact finder could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 318-19 (1979); *Hooper v. State*, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007). This "familiar standard gives full play to the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts." *Jackson*, 443 U.S. at 319. "Each fact need not point directly and independently to the guilt of the appellant, as long as the cumulative force of all the incriminating circumstances is sufficient to support the conviction." *Hooper*, 214 S.W.3d at 13.

*Lucio v. State*, 351 S.W.3d 878, 894 (Tex. Crim. App. 2011), *cert. denied*, 132 S.Ct. 2712 (2012).

The Court of Criminal Appeals has also explained that our review of "all of the evidence" includes evidence that was properly and improperly admitted. *Conner v. State*, 67 S.W.3d 192, 197 (Tex. Crim. App. 2001). And if the record supports conflicting inferences, we must presume that the factfinder resolved the conflicts in favor of the prosecution and therefore defer to that determination. *Jackson*, 443 U.S. at 326. Further, direct and circumstantial evidence are treated equally: "Circumstantial evidence is as probative as direct evidence in establishing the guilt of an actor, and circumstantial evidence alone can be sufficient to establish guilt." *Hooper*, 214 S.W.3d at 13. Finally, it is well established that the factfinder is entitled to judge the credibility of witnesses and can choose to believe all, some, or none of the testimony presented by the parties. *Chambers v. State*, 805 S.W.2d 459, 461 (Tex. Crim. App. 1991).

A person commits the offense of evading arrest or detention if he intentionally flees from a person he knows is a peace officer or federal special investigator attempting

lawfully to arrest or detain him. TEX. PENAL CODE ANN. § 38.04(a) (West Supp. 2012). The offense is a state jail felony if the actor has been previously convicted of the offense of evading arrest or detention. *Id.* § 38.04(b)(1)(A). Leslie argues that the evidence is insufficient to support his conviction because Officer Reyna was not attempting to *lawfully* detain him because the attempted detention was not based on reasonable suspicion but rather an inarticulate hunch or suspicion.

Under *Terry v. Ohio*, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968), the police can stop and briefly detain a person for investigative purposes if they have a reasonable suspicion supported by articulable facts that criminal activity may be afoot. *United States v. Sokolow*, 490 U.S. 1, 7, 109 S.Ct. 1581, 1585, 104 L.Ed.2d 1 (1989) (citing *Terry*, 392 U.S. at 30). Reasonable suspicion exists when, based on the totality of the circumstances, the officer has specific, articulable facts that, when combined with rational inferences from those facts, would lead him to reasonably conclude that a particular person is, has been, or soon will be engaged in criminal activity. *Ford v. State*, 158 S.W.3d 488, 492-93 (Tex. Crim. App. 2005). This is an objective standard that disregards any subjective intent of the officer making the stop and looks solely to whether an objective basis for the stop exists. *Id.* at 492. Whether the totality of the circumstances is sufficient to support an officer's reasonable suspicion is a legal question that we review *de novo*. *See Madden v. State*, 242 S.W.3d 504, 517 (Tex. Crim. App. 2007).

Leslie cites several cases to support his contention that Officer Reyna's attempted detention of him was not based on reasonable suspicion, but he primarily relies on *Klare*

Leslie v. State                                                                                           Page 5

*v. State*, 76 S.W.3d 68 (Tex. App.—Houston [14th Dist.] 2002, pet. ref'd). In *Klare*, a police officer spotted a white pickup truck parked behind a closed strip shopping center, facing a 24-hour convenience store, at around 2:30 a.m., and there had been burglaries in the area in the past. *Id.* at 71. The officer turned around to investigate because he found the parked vehicle suspicious. *Id.* The vehicle was gone by the time the officer arrived at the parking lot, but he soon found the pickup on an adjacent street. *Id.* At that time, he pulled the vehicle over and subsequently discovered that the driver was intoxicated. *Id.* Citing a wide variety of cases, the Fourteenth Court of Appeals discussed the relevance of (1) the lateness of the hour, (2) the fact that the businesses were closed, and (3) that there had been burglaries in the area to the determination of reasonable suspicion. The court then held that the mere presence of the pickup truck in the parking lot, without some additional fact that would arouse suspicion of criminal activity, fell short of supporting an objectively reasonable suspicion of criminal activity. *Id.* at 77. The court reasoned:

> A lawful stop must be based on more than a vehicle's suspicious location or time of day. Although relevant to our analysis, both time of day and the level of criminal activity in the area are facts which focus on the suspect's surroundings rather than on the suspect himself. Consequently, courts generally require an additional fact or facts particular to the suspect's behavior to justify a suspicion of criminal activity.

*Id.* at 75. *But see Tanner v. State*, 228 S.W.3d 852, 858 (Tex. App.—Austin 2007, no pet.) (criticizing analysis in *Klare*); *but see also Hernandez v. State*, No. 11-08-00136-CR, 2009 WL 4931594, at *2-3 (Tex. App.—Eastland Dec. 17, 2009, no pet.) (mem. op., not designated for publication) (same).

Although the facts in *Klare* do resemble the facts before us in this case, we conclude that there are additional facts here that sufficiently distinguish this case. Here, in addition to the lateness of the hour, the fact that the mechanic shop was closed, and the fact that the location was an "area of interest" because it was near an area with high criminal activity, Officer Reyna described Leslie's vehicle as "creeping" at a very slow pace right beside the building without its headlights on even though the lighting near the business was "very horrible." Furthermore, Leslie pulled out of the parking lot just after Officer Reyna drove past. Therefore, in this case, unlike in *Klare*, the facts supporting reasonable suspicion for the detention were based not only on the suspect's surroundings (*i.e.*, the vehicle's location and time of day) but also on the suspect's behavior (*i.e.*, Leslie's manner of driving). *See Holland v. State*, No. 05-04-00308-CR, 2004 WL 1842930, at *2-3 (Tex. App.—Dallas Aug. 18, 2004, no pet.) (not designated for publication). Thus, even under *Klare*'s analysis, Officer Reyna's attempted detention of Leslie was supported by reasonable suspicion.

We conclude that, based on the totality of the circumstances, Officer Reyna's attempted detention of Leslie was supported by reasonable suspicion; therefore, Officer Reyna was attempting to lawfully detain Leslie. Viewing all the evidence in the light most favorable to the verdict, we thus conclude that a rational trier of fact could have found that Leslie committed the offense of evading arrest or detention beyond a reasonable doubt. We overrule Leslie's sole issue and affirm the trial court's judgment.

REX D. DAVIS
Justice

Before Chief Justice Gray,
      Justice Davis, and
      Justice Scoggins
Affirmed
Opinion delivered and filed August 1, 2013
Do not publish
[CR25]