

# IN THE
# TENTH COURT OF APPEALS

## No. 10-13-00054-CR

**DANIEUN LEONARD STUART,**

**Appellant**

 **v.**

**THE STATE OF TEXAS,**

**Appellee**

**From the 82nd District Court**
**Falls County, Texas**
**Trial Court No. 9193**

## MEMORANDUM OPINION

The jury convicted Danieun Leonard Stuart of the offense of assault-family violence. The jury found the enhancement paragraph to be true and assessed punishment at 13 years confinement and a $5000 fine. We affirm.

In the sole issue on appeal, Stuart complains that the evidence is insufficient to support his conviction. The Court of Criminal Appeals has expressed our standard of review of a sufficiency issue as follows:

In determining whether the evidence is legally sufficient to support a conviction, a reviewing court must consider all of the evidence in the light most favorable to the verdict and determine whether, based on that evidence and reasonable inferences therefrom, a rational fact finder could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 318-19 (1979); *Hooper v. State*, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007). This "familiar standard gives full play to the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts." *Jackson*, 443 U.S. at 319. "Each fact need not point directly and independently to the guilt of the appellant, as long as the cumulative force of all the incriminating circumstances is sufficient to support the conviction." *Hooper*, 214 S.W.3d at 13.

*Lucio v. State*, 351 S.W.3d 878, 894 (Tex. Crim. App. 2011), *cert den'd*, 132 S.Ct. 2712, 183 L.Ed.2d 71 (2012).

The Court of Criminal Appeals has also explained that our review of "all of the evidence" includes evidence that was properly and improperly admitted. *Conner v. State*, 67 S.W.3d 192, 197 (Tex. Crim. App. 2001). And if the record supports conflicting inferences, we must presume that the factfinder resolved the conflicts in favor of the prosecution and therefore defer to that determination. *Jackson v. Virginia*, 443 U.S. 307, 326, 99 S. Ct. 2781, 61 L. Ed. 2d 560 (1979). Further, direct and circumstantial evidence are treated equally: "Circumstantial evidence is as probative as direct evidence in establishing the guilt of an actor, and circumstantial evidence alone can be sufficient to establish guilt." *Hooper v. State*, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007). Finally, it is well established that the factfinder is entitled to judge the credibility of witnesses and can choose to believe all, some, or none of the testimony presented by the parties. *Chambers v. State*, 805 S.W.2d 459, 461 (Tex. Crim. App. 1991).

Danieun Leonard Stuart and Cassandra Hopwood are the parents of a nineteen year-old son. After many years apart, they again formed a relationship and were living together. On the morning of September 20, 2012, Cassandra asked Stuart to go to the store to buy some dishwashing liquid. Stuart did not return until approximately 8:00 p.m. that evening. Cassandra testified that when Stuart finally returned he had been drinking, and they got into an argument. Cassandra tried to leave the apartment, and Stuart grabbed her face and threw her on the bed. Stuart forcibly held Cassandra down on the bed with his arm putting pressure on her neck. Cassandra stated that Stuart did not want her to leave and call the police. Cassandra eventually got away from Stuart and went to a nearby grocery store where she called her daughter. Cassandra then called the police and later returned to the apartment.

Officer Eaglin, with the Marlin Police Department, responded to the call. He testified that Cassandra told him her boyfriend assaulted her. Cassandra told Officer Eaglin that Stuart smashed her in the face, slammed her on the bed, and started choking her. Officer Eaglin stated that Cassandra's right arm was red and that her face was swollen. Officer Eaglin ran a check on Stuart and learned that he had three outstanding warrants. Stuart returned to the scene and was arrested on the outstanding warrants. At the police station, Stuart gave a statement in which he admitted pushing and shoving Cassandra and also that he "grabbed her in a headlock." Another Officer asked Stuart if he choked Cassandra, and he replied that he did choke her. Stuart was then arrested for assault-family violence. Officer Eaglin went to the hospital to talk to

Cassandra, and Cassandra stated that she did not want to prosecute Stuart over the incident.

Chad Underwood, a paramedic, testified that he was dispatched to the scene in response to the assault. Underwood said that Cassandra was complaining of weakness in her right arm and pain in her right hand. Cassandra told Underwood that her boyfriend "assaulted her and choked her out." Cassandra was taken to the hospital where she was examined by nurse practitioner Charlotte Widick. Widick stated that Cassandra was frightened, tearful, and anxious. Cassandra said that she had been choked, and she complained of numbness in her right arm. Widick stated that there was visible bruising on Cassandra's right shoulder indicating a forceful injury.

A person commits the offense of assault if he intentionally, knowingly, or recklessly causes bodily injury to another. TEX. PENAL CODE ANN. § 22.01 (a) (1) (West Supp. 2013). Criminal offenses generally involve one of three conduct elements, and those elements are: (1) the nature of the conduct; (2) the result of the conduct; and (3) the circumstances surrounding the conduct. *Johnson v. State*, 271 S.W.3d 756, 760 (Tex.App. – Waco 2008, no pet.). Bodily injury assault is a result oriented offense. *Landrian v. State*, 268 S.W.3d 532, 536 (Tex. Crim. App. 2008). "Intentionally" means that it is the defendant's conscious objective or desire to engage in conduct or cause the result. TEX. PENAL CODE ANN. § 6.03(a) (West 2011). A person acts "knowingly" with respect to the result of his conduct if he is aware that his conduct is reasonably likely to cause the result. TEX. PENAL CODE ANN. § 6.03(b) (West 2011). "Recklessness" means that the defendant is aware of but consciously disregards a substantial and unjustifiable

risk that the circumstances exist or the result will occur. TEX. PENAL CODE ANN. § 6.03(c) (West 2011).

Stuart specifically complains that the evidence is insufficient to show that he intended to cause bodily injury to Cassandra. Cassandra testified that Stuart hurt her, but that he "didn't hurt me, I mean, intentionally." When asked if Stuart assaulted her, Cassandra replied, "I guess it was assault; because I couldn't get off the bed and I got injuries, and that's assault. But as far as him - - or me thinking that he really meant to hurt me [Prosecutor] I don't really think that he meant to hurt me."

The jury charge correctly instructed the jury to find Stuart guilty if he intentionally, knowingly, or recklessly caused bodily injury to Cassandra. The evidence shows that Stuart grabbed Cassandra's face and threw her on the bed. Stuart forcefully held Cassandra on the bed. Stuart told police that he put Cassandra in a headlock and that he choked her. The evidence is sufficient to show that Stuart committed the offense of assault family violence. We overrule the sole issue on appeal.

We affirm the trial court's judgment.


AL SCOGGINS
Justice

Before Chief Justice Gray,
        Justice Davis, and
        Justice Scoggins
Affirmed
Opinion delivered and filed December 5, 2013
Do not publish
[CR 25]