

**IN THE**
**TENTH COURT OF APPEALS**

### No. 10-13-00004-CR

**JAMES BRIAN PETRIE,**

                                        **Appellant**

 **v.**

**THE STATE OF TEXAS,**

                                        **Appellee**

---

**From the 52nd District Court**
**Coryell County, Texas**
**Trial Court No. FAM-11-21096**

---

## MEMORANDUM OPINION

---

James Brian Petrie was convicted of aggravated assault and sentenced to six years in prison. TEX. PENAL CODE ANN. § 22.02(a)(2) (West 2011). Because the evidence was sufficient to support the conviction, we affirm the trial court's judgment.

**BACKGROUND**

Officers had been called to a location in Gatesville for a disturbance and were given a description of Petrie's vehicle, a Suburban. When Officer Strouth approached the Suburban, he saw Petrie in the driver's seat, leaned back. He then saw Petrie take a

folded pocket knife out of his pocket. Petrie started to exit his Suburban quickly and, just as quickly, Strouth backed away, with his weapon drawn and aimed at Petrie. Petrie continued toward Strouth for a few steps and stopped. Petrie still had the knife in his hand and refused Strouth's orders to drop it. Strouth did not know when the knife was opened but eventually was able to visually confirm that it had been opened and was open when it was recovered from the driver's seat of Petrie's Suburban. Deputy Smallridge, with the Coryell County Sheriff's Department, arrived in time to see Petrie exit the Suburban and Strouth back away. By the time Smallridge approached Petrie and Strouth, Petrie had the knife open. Officer Williams then arrived as Strouth and Smallridge were pointing their weapons at Petrie, ordering him to drop the knife. As Williams approached, he saw that Petrie had an open knife in his hand. Williams, too, ordered Petrie to drop the knife. As Petrie had done with the other officers, he responded with expletives. Petrie finally threw the open knife into the driver's seat of his Suburban and put his hands on the top of the Suburban.

## SUFFICIENCY OF THE EVIDENCE

In one issue, Petrie argues that the State failed to prove that the knife was a deadly weapon; in essence, the evidence was insufficient to prove the deadly weapon element of the offense.

The Court of Criminal Appeals has expressed our standard of review of a sufficiency issue as follows:

> In determining whether the evidence is legally sufficient to support a conviction, a reviewing court must consider all of the evidence in the light most favorable to the verdict and determine whether, based on that evidence and reasonable inferences therefrom, a rational fact finder could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 318-19 (1979); *Hooper v. State*, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007). This "familiar standard gives full play to the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts." *Jackson*, 443 U.S. at 319. "Each fact need not point directly and independently to the guilt of the appellant, as long as the cumulative force of all the incriminating circumstances is sufficient to support the conviction." *Hooper*, 214 S.W.3d at 13.

*Lucio v. State*, 351 S.W.3d 878, 894 (Tex. Crim. App. 2011).

The Court of Criminal Appeals has also explained that our review of "all of the evidence" includes evidence that was properly and improperly admitted. *Conner v. State*, 67 S.W.3d 192, 197 (Tex. Crim. App. 2001). And if the record supports conflicting inferences, we must presume that the factfinder resolved the conflicts in favor of the prosecution and therefore defer to that determination. *Jackson v. Virginia*, 443 U.S. 307, 326, 99 S. Ct. 2781, 61 L. Ed. 2d 560 (1979). Further, direct and circumstantial evidence are treated equally: "Circumstantial evidence is as probative as direct evidence in establishing the guilt of an actor, and circumstantial evidence alone can be sufficient to establish guilt." *Hooper v. State*, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007). Finally, it is well established that the factfinder is entitled to judge the credibility of witnesses and can choose to believe all, some, or none of the testimony presented by the parties. *Chambers v. State*, 805 S.W.2d 459, 461 (Tex. Crim. App. 1991).

*Deadly Weapon*

A person commits the offense of aggravated assault if he uses or exhibits a deadly weapon during the commission of an assault. TEX. PENAL CODE ANN. § 22.02(a)(2) (West 2011). What constitutes a "deadly weapon" is determined by § 1.07 of the Texas Penal Code. *Robertson v. State*, 163 S.W.3d 730, 732 (Tex. Crim. App. 2005). In the context of this appeal, a deadly weapon includes anything that in the manner of its use or intended use is *capable* of causing death or serious bodily injury. *Id*. § 1.07(a)(17)(B) (West Supp. 2013) (emphasis added). "Serious bodily injury" means bodily injury that creates a substantial risk of death or that causes death, serious permanent disfigurement, or protracted loss or impairment of the function of any bodily member or organ. *Id*. § 1.07(a)(46).

Whether any particular knife is a deadly weapon by design or usage or not a deadly weapon at all depends on the evidence. *Thomas v. State*, 821 S.W.2d 616, 620 (Tex. Crim. App. 1991). The plain language of the statute does not require the actor to actually intend death or serious bodily injury; an object is a deadly weapon if the actor intends a use of the object in which it would be capable of causing death or serious bodily injury. *McCain v. State*, 22 S.W.3d 497, 503 (Tex. Crim. App. 2000). The placement of the word "capable" in the provision enables the statute to cover conduct that threatens deadly force, even if the actor has no intention of actually using deadly force. *Id*.

Expert or lay testimony may be sufficient to support a deadly-weapon finding, and police officers can be expert witnesses with respect to whether a deadly weapon was used. *Tucker v. State*, 274 S.W.3d 688, 692 (Tex. Crim. App. 2008). Furthermore, the blade need not actually have caused any injuries for it to be considered a deadly weapon. *Id*. at 691.

*Argument and Evidence*

Petrie contends the evidence shows that the knife was not open when it was used, Petrie was not very close to the officers, and the officers could not say whether the knife was capable of causing serious bodily injury. Thus, his argument continues, the evidence was insufficient to support the deadly weapon element.

The knife was introduced into evidence. Closed, the knife measures four inches long. There was evidence that, opened, the full length of the knife measured seven and a half inches long. Additionally, there was evidence that soon after Petrie exited his vehicle, the knife was open. Further, the evidence showed that Strouth backed away from Petrie quickly and that, simultaneously, Petrie advanced toward Strouth. Strouth testified that he was placed in fear when Petrie took the knife out of his pocket, opened the door, and advanced toward Strouth. He knew that knives could be opened quickly. Further, Strouth and Williams testified that the knife was capable of causing serious bodily injury.

**CONCLUSION**

In considering all of the evidence in the light most favorable to the verdict, we determine that, based on that evidence and reasonable inferences therefrom, a rational jury could have found the deadly weapon element beyond a reasonable doubt. Petrie's sole issue is overruled, and the trial court's judgment is affirmed.


TOM GRAY
Chief Justice

Before Chief Justice Gray,
      Justice Davis, and
      Justice Scoggins
Affirmed
Opinion delivered and filed March 13, 2014
Do not publish
[CR25]