Earl CHAMBERS, Appellant,

v.

STATE of Texas, Appellee.

No. 1345–88.

Court of Criminal Appeals of Texas, En Banc.

Feb. 27, 1991.

John G. Gilleland, Houston, for appellant.

John B. Holmes, Jr., Dist. Atty. and Linda A. West and Belinda Hill, Asst. Dist. Attys., Houston, Robert Huttash, State's Atty., Austin, for the State.

OPINION ON STATE'S PETITION FOR DISCRETIONARY REVIEW

WHITE, Judge.

Appellant was convicted by a jury of indecency with a child. V.T.C.A. Penal Code, § 21.11. The jury assessed punishment, enhanced by proof of one prior conviction, at sixteen and one half years confinement. The Court of Appeals reversed appellant's conviction and ordered an acquittal. *Chambers v. State*, 755 S.W.2d 907 (Tex.App.—Houston [1st] 1988). This Court granted the State's petition for discretionary review to determine whether the court below erred when it held the evidence insufficient because the complainant repudiated her prior videotaped statement. See Tex.R.App.Pro. 200(c)(3) and (5).

Appellant was accused of sexually molesting his twelve year old stepdaughter. At the trial, the State presented a videotape during the testimony of Officer Taylor in which the child claimed that appellant had been "messing with" her since she was seven. This videotape had been made prior to trial and before appellant had been charged with an offense. Article 38.071 § 2, V.A.C.C.P. (See now Art. 38.071 § 5). No objection to the videotape was made at the time it was admitted other than lack of

predicate.[1] After the State had rested its case-in-chief, appellant called the child to the stand, and she recanted the earlier videotaped statement. The Court of Appeals held that the complainant's in-court, sworn repudiation of her out-of-court, unsworn videotape wholly destroyed the videotape's probative value and, without it, there was insufficient evidence to support the conviction.

The evidence, as summarized by the Court of Appeals is as follows:

The only eyewitnesses to the crime alleged were appellant and the complainant. The complainant consistently testified that the crime did not occur. Appellant testified, but was never asked to admit or deny the crime.

&ast; &ast; &ast; &ast; &ast; &ast;

The complainant, who was 12 years old at the time of trial, told the police officer conducting the videotape that appellant had been molesting her since the age of seven. The complainant's 14–year–old half brother testified as a defense witness that appellant would often send him outside the family home, leaving appellant and the complainant alone inside. The complainant's 10–year–old–cousin, ... testified in the State's rebuttal that he once saw the complainant lying naked on a bed, while appellant was nearby putting on his underwear. The State conceded during jury argument, however, that that was not the incident alleged in the indictment or the one testified to on videotape by the complainant. It was rebuttal evidence, and the event described was never shown to have occurred on the date alleged in the indictment, within any particular year, or within the period of limitations for this offense. The only other evidence the State points to in support of the judgment is the complainant's statements to her aunt and grandmother that appellant had asked her not to testify against him and that she loved appellant because he was a good stepfather to her.

In addition, there was medical testimony which indicated the complainant's vagina had been penetrated. The child's grandmother testified that the complainant told her and her daughter that appellant had been "messing" with her. The dissent in the Court of Appeals' opinion also notes the child's mother testified that the complainant had described what appellant had done to her, and the mother stated that appellant had done the same "things" to her in their sexual relationship. The State contends that it was error for the Court of Appeals to have excluded the videotape from its sufficiency review, and also, that even without the tape, the evidence was sufficient to support the conviction. We agree.

■■■ When conducting a sufficiency review, an appellate court must determine whether, viewing the evidence in the light most favorable to the verdict, any rational trier of fact could have found all the essential elements of the offense beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). As a reviewing court, the Court of Appeals must consider *all* evidence admitted, whether proper or improper, before deciding whether there was sufficient evidence to support the conviction. *Deason v. State*, 786 S.W.2d 711 (Tex.Cr.App.1990).

This Court has recently addressed a contention similar to that raised in the instant case. In *Villalon v. State*, 791 S.W.2d 130 (Tex.Cr.App.1990), which concerned outcry evidence admitted pursuant to V.A.C.C.P., Article 38.072, we held the Court of Appeals erred when it failed to review the State's evidence in its entirety. In *Villalon*, we cited with approval the United State Supreme Court's reasoning:

[A] reversal for insufficiency of the evidence should be treated no differently than a trial court's granting a judgment of acquittal at the close of all the evidence. A trial court in passing on such a motion considers all of the evidence it has admitted, and to make the analogy complete it must be this same quantum

---

1. We note, as did the Court of Appeals, that lack of confrontation would have been the proper objection. Appellant was tried under the prior version of Art. 38.071, which was struck down as facially unconstitutional. *Long v. State*, 742 S.W.2d 302 (Tex.Cr.App.1987).

of evidence which is considered by the reviewing court.

*Id.* at 133, quoting *Lockhart v. Nelson,* 488 U.S. 33, 109 S.Ct. 285, 291, 102 L.Ed.2d 265 (1988). In that case, the appellate court had determined that the outcry evidence was unreliable because it was contradicted at trial by the victim; consequently, it lacked probative value and, without it, the evidence was insufficient to prove the essential element of penetration. This Court held it was error for the court below to separate and exclude the outcry evidence before considering whether there was sufficient proof of penetration. Thus, the Court of Appeals erred in its sufficiency review by disregarding evidence which it believed had been contradicted at trial. *Id.* at 133.

In the instant case, the child testified via her videotaped statement that appellant had engaged in sexual acts with her. Upon being called by the defense she recanted the statement she had previously given.[2] As factfinder, the jury is entitled to judge the credibility of witnesses, and can choose to believe all, some, or none of the testimony presented by the parties. A review of the record reveals that on direct examination the child did testify inconsistently with her prior statement. However, on cross-examination by the State, she equivocated, sometimes answering, "I don't know" to the State's queries. Therefore, it is questionable whether this was a true repudiation, as characterized by the Court of Appeals, or merely a conflict in testimony. The jury observed the complainant's de-

meanor and was entitled not only to reconcile any such conflicts, but even to disbelieve her recantation.[3] We hold the complainant's recantation of her videotaped testimony did not destroy its probative value. See *Combs v. State,* 643 S.W.2d 709 (Tex.Cr.App.1982).

Also, this was not a situation in which the only evidence of guilt was the prior statement. There was additional circumstantial evidence from other witnesses which tended to corroborate the child's prior videotaped statement. Thus, the jury was not placed in the position of speculating whether, in the face of her recantation, there was sufficient evidence to show appellant committed the offense.[4] The Court of Appeals should have considered all the evidence presented, and should not have excluded from that review, evidence it thought to have been contradicted at trial. *Villalon,* supra. The court below erred in its sufficiency review and, therefore, erred in ordering an acquittal. The evidence, when viewed in the light most favorable to the verdict, was sufficient to support the conviction.

The judgment of the Court of Appeals is therefore reversed, and the case is remanded to that court for disposition of appellant's remaining point of error.

CLINTON, J., dissents, convinced that the opinion below correctly states and applies governing law to the fact of repudiation.

OVERSTREET and MALONEY, JJ., not participating.

2. In *Briggs v. State,* 789 S.W.2d 918 (Tex.Cr.App. 1990), we noted that, even though not unconstitutional on its face, Art. 38.071 could be unconstitutional as applied. There we opined, "[i]n some cases, the accused may well be forced to call the child to the stand himself, or else forgo his right to crossexamine [sic] the principal witness against him." *Id.* at 922. Appellant raised as his first point of error on appeal, the denial of his right to a full and fair cross-examination because the trial court mischaracterized the complainant as his witness, and refused to allow him to lead her after he was forced to call her to testify.

3. The Court of Appeals placed great emphasis upon the unsworn nature of the child's videotaped statement. Art. 38.071, § 5(a)(10), re-

quires that in order for the tape to be admissible, and before giving the taped testimony, the child must be placed under oath or otherwise admonished in a manner appropriate to the child's age and maturity to testify truthfully. However, at the time of this trial, the statute did not include such a requirement. Also, as stated previously, appellant's failure to lodge any specific objection to the videotape waived error. See *Chambers v. State,* 711 S.W.2d 240, 247 (Tex.Cr.App.1986); Tex.R.Crim.Evid. 802.

4. *United States v. Orrico,* 599 F.2d 113 (6th Cir., 1979), and *State v. Moore,* 485 So.2d 1279 (Fla. 1986), cited by the Court of Appeals are distinguishable because in those cases, the *only* evidence of guilt was the prior inconsistent statement later recanted at trial.

BAIRD, Judge, concurring.

For the reasons stated in *Fernandez v. State*, 805 S.W.2d 462 (Tex.Cr.App. this day decided), I concur in the result reached by the majority in this cause.

MILLER, J., joins this opinion.