IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-07-00011-CR

 

Sammy Leos,

                                                                                    Appellant

 v.

 

The State of Texas,

                                                                                    Appellee

 

 



From the 278th District Court

Walker County, Texas

Trial Court No. 20727-C

 



MEMORANDUM  Opinion










 

            Sammy Leos, a prisoner, was convicted
of Aggravated Assault on a Public Servant with a Deadly Weapon and Possession
of a Deadly Weapon in a Penal Institution.  A jury determined his punishment as
25 years in prison and ten years in prison, respectively, to which he was
sentenced by the trial court.  Because the evidence is legally sufficient to
support the convictions, we affirm the trial court’s judgment.

            In two issues, Leos argues the
evidence was legally insufficient to support the convictions because there was
no evidence Leos intentionally or knowingly threatened Rowe with imminent
bodily injury while using or exhibiting a deadly weapon and because there was
no evidence the weapon was a deadly weapon.  In assessing the legal sufficiency
of the evidence to support a criminal conviction under Jackson v. Virginia[1], we consider all of the
evidence in the light most favorable to the verdict and determine whether,
based on that evidence and reasonable inferences therefrom, a rational juror
could have found the essential elements of the crime beyond a reasonable
doubt.  Rollerson v. State, 227 S.W.3d 718, 724 (Tex. Crim. App. 2007). 


            Travis Rowe, a correctional officer at
the Estelle Unit High Security, was feeding lunch to inmates at the unit.  When
told by Rowe to stand away from the food slot, Leos refused.  As Rowe moved
closer to the slot, Leos lunged and sliced at him with a weapon, threw a liquid
at him, and then threw the weapon at him.  The weapon was described as a rolled
up magazine, approximately 13 inches long, with a comb in the end and two razor
blades attached to the end of the comb.  At the time of the trial, only one
razor blade remained attached to the comb.  Leos testified that he only threw
his tea at Rowe and did not use any weapon against Rowe.  Leos stated that the
prisoner in the next cell threw a “pole” at Rowe as he had his back turned, but
it was not the same “pole” as the weapon admitted into evidence.  

            To support his first issue, Leos
argues that, by his own testimony, he did not stab at Rowe and that another
inmate threw the weapon at Rowe.  The jury was free to disbelieve Leos’
testimony.  Chambers v. State, 805 S.W.2d 459, 461 (Tex. Crim. App.
1991).  After reviewing all the evidence under the appropriate standard, the
evidence is legally sufficient to support the conviction for aggravated
assault.  Issue one is overruled.

            Leos offers no explanation in support
of his second issue as to why the evidence was legally insufficient to show the
weapon used by Leos was a deadly weapon.  A deadly weapon is anything
manifestly designed, made, or adapted for the purpose of inflicting death or
serious bodily injury or anything that in the manner of its use or intended use
is capable of causing death or serious bodily injury.  Tex. Penal Code Ann. § 1.07(17) (Vernon Supp. 2006).  Although
three State’s witnesses testified that the weapon now had only one razor blade
that did not protrude very far from the end of the comb, they all testified
that the weapon was something manifestly designed, made, or adapted for the
purpose of inflicting death or serious bodily injury.  After reviewing all of
the evidence under the appropriate standard, the evidence is legally sufficient
to prove the weapon used was a deadly weapon.  Issue two is overruled.

            The trial court’s judgment is
affirmed.

 

                                                                        TOM
GRAY

                                                                        Chief
Justice

 

Before
Chief Justice Gray,

            Justice
Vance, and

            Justice
Reyna

Affirmed

Opinion
delivered and filed October 17, 2007

Do
not publish

[CRPM]









[1] 443 U.S. 307, 318-19, 99 S. Ct. 2781, 61 L. Ed. 2d 560 (1979).