# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-09-00353-CR

**Bradley Morales, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE COUNTY COURT OF MILAM COUNTY
### NO. CR29930, HONORABLE FRANK SUMMERS, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Bradley Morales was convicted of criminal mischief for throwing a brick through Ruby Lattimore's car windshield. *See* Tex. Penal Code Ann. § 28.03(a)(1) (West Supp. 2010). Punishment was assessed at thirty days' confinement in Milam County jail plus court costs, fees, and restitution. On appeal, Morales argues that the evidence was legally and factually insufficient to support his conviction because there was no evidence that he lacked Lattimore's consent to damage her property. We affirm.

### FACTUAL AND PROCEDURAL BACKGROUND

Morales stipulates that he threw a brick through the windshield of Ruby Lattimore's car while it was parked outside the Central Texas Hospital, causing approximately $300 in damage. Lattimore was inside the building at the time. The State charged Morales with criminal mischief,

*see id*., and the jury found him guilty. Morales appeals, arguing that the evidence was legally and factually insufficient to support his conviction.

### STANDARD OF REVIEW

In reviewing a legal sufficiency challenge, we view the evidence in the light most favorable to the verdict and determine whether a rational trier of fact could have found the essential elements of a crime beyond a reasonable doubt. *Salinas v. State*, 163 S.W.3d 734, 737 (Tex. Crim. App. 2005). The jury, as the trier of fact, "is the sole judge of the credibility of the witnesses and of the strength of the evidence." *Fuentes v. State*, 991 S.W.2d 267, 271 (Tex. Crim. App. 1999). The jury may choose to believe or disbelieve any portion of the testimony. *Sharp v. State*, 707 S.W.2d 611, 614 (Tex. Crim. App. 1986). The jury may also draw reasonable inferences from basic facts to ultimate facts. *Clewis v. State*, 922 S.W.2d 126, 133 (Tex. Crim. App. 1996). When faced with conflicting evidence, we presume the trier of fact resolved conflicts in favor of the prevailing party. *Turro v. State*, 867 S.W.2d 43, 47 (Tex. Crim. App. 1993).

In evaluating the factual sufficiency[1] of the evidence, we view all the evidence in a neutral light and will set aside the verdict only if we are able to say, with some objective basis in the record, that the conviction is clearly wrong or manifestly unjust because the great weight and preponderance of the evidence contradicts the jury's verdict. *Watson v. State*, 204 S.W.3d 404,

---

[1] Subsequent to this appeal being filed, the court of criminal appeals determined that legal sufficiency is the only standard by which appellate courts may ascertain the sufficiency of the evidence supporting a conviction. *Brooks v. State*, No. PD-0210-09, 2010 Tex. Crim. App. LEXIS 1240 at *57 (Tex. Crim. App. Oct. 6, 2010). However, because the deadline for filing a motion for rehearing in *Brooks* has not passed, we will address Morales's factual sufficiency issue.

414-17 (Tex. Crim. App. 2006). We cannot conclude that a conflict in the evidence justifies a new trial simply because we disagree with the jury's resolution of that conflict, and we do not intrude upon the fact-finder's role as the sole judge of the weight and credibility of witness testimony. *See id*. at 417; *Fuentes*, 991 S.W.2d at 271. The fact-finder may choose to believe all, some, or none of the testimony presented. *Chambers v. State*, 805 S.W.2d 459, 461 (Tex. Crim. App. 1991); *Bargas v. State*, 252 S.W.3d 876, 888 (Tex. App.—Houston [14th Dist.] 2008, no pet.).

## DISCUSSION

Morales argues that the evidence was legally and factually insufficient to support his conviction because there was no evidence that he lacked Lattimore's consent to damage her windshield. *See* Tex. Penal Code § 28.03(a) (lack of effective consent is element of offense of criminal mischief); *id*. § 2.01 (West 2003) (State must prove every element of offense beyond reasonable doubt). He notes that Lattimore never testified that she did not consent to him damaging her windshield. The State concedes this point, but it argues that Lattimore's lack of consent was established through circumstantial evidence.

We agree with the State. Lack of effective consent can, like any other element of a crime, be established circumstantially. *Hathorn v. State*, 848 S.W.2d 101, 107 (Tex. Crim. App. 1992); *Prescott v. State*, 610 S.W.2d 760, 763 (Tex. Crim. App. 1981). Although Lattimore did not testify that she did not consent to Morales damaging her windshield, she did testify that she had never met Morales and did not know him at the time he damaged her windshield. *See Fearance v. State*, 771 S.W.2d 486, 511 (Tex. Crim. App. 1988) (fact that victim did not know perpetrator was sufficient to establish lack of effective consent). She also testified that she was upset when she

3

learned that her windshield had been damaged.  The jury was free to believe this testimony and to infer from it that Lattimore had not consented to Morales damaging her windshield.  *Sharp*, 707 S.W.2d at 614; *Clewis*, 922 S.W.2d at 133.  Morales cites no evidence suggesting that Lattimore actually did consent to Morales damaging her windshield.  We find the evidence to be legally and factually sufficient to sustain the conviction, and we affirm the trial court's judgment.

_____

David Puryear, Justice

Before Justices Patterson, Puryear and Henson

Affirmed

Filed:   October 27, 2010

Do Not Publish

4