

# IN THE
# TENTH COURT OF APPEALS

### No. 10-12-00245-CR

TYRONE COOKS, JR.,

Appellant

 v.

THE STATE OF TEXAS,

Appellee

**From the 52nd District Court
Coryell County, Texas
Trial Court No. FDP-11-20919**

## MEMORANDUM OPINION

The jury convicted Tyrone Cooks, Jr. of the offense of possession of a controlled substance. The trial court assessed punishment at eighteen months confinement in a state jail facility. We affirm.

In his sole issue on appeal, Cooks argues that the evidence is legally insufficient to support his conviction. The Court of Criminal Appeals has expressed our standard of review of a sufficiency issue as follows:

In determining whether the evidence is legally sufficient to support a conviction, a reviewing court must consider all of the evidence in the light most favorable to the verdict and determine whether, based on that evidence and reasonable inferences therefrom, a rational fact finder could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 318-19 (1979); *Hooper v. State*, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007). This "familiar standard gives full play to the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts." *Jackson*, 443 U.S. at 319. "Each fact need not point directly and independently to the guilt of the appellant, as long as the cumulative force of all the incriminating circumstances is sufficient to support the conviction." *Hooper*, 214 S.W.3d at 13.

*Lucio v. State*, 351 S.W.3d 878, 894 (Tex. Crim. App. 2011), *cert den'd* , 132 S.Ct. 2712, 183 L.Ed.2d 71 (2012).

The Court of Criminal Appeals has also explained that our review of "all of the evidence" includes evidence that was properly and improperly admitted. *Conner v. State*, 67 S.W.3d 192, 197 (Tex. Crim. App. 2001). And if the record supports conflicting inferences, we must presume that the factfinder resolved the conflicts in favor of the prosecution and therefore defer to that determination. *Jackson v. Virginia*, 443 U.S. 307, 326, 99 S. Ct. 2781, 61 L. Ed. 2d 560 (1979). Further, direct and circumstantial evidence are treated equally: "Circumstantial evidence is as probative as direct evidence in establishing the guilt of an actor, and circumstantial evidence alone can be sufficient to establish guilt." *Hooper v. State*, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007). Finally, it is well established that the factfinder is entitled to judge the credibility of witnesses and can choose to believe all, some, or none of the testimony presented by the parties. *Chambers v. State*, 805 S.W.2d 459, 461 (Tex. Crim. App. 1991).

Officer Hope Bazin, with the Copperas Cove Police Department, testified that she was on patrol May 28, 2011 at 4:30 a.m. when she encountered Cooks at a convenience store. Officer Bazin stated that Cooks was acting in a suspicious manner, and she followed his vehicle when he left the store. Officer Bazin stopped Cooks's vehicle after she observed him commit a traffic violation. During the stop, Officer Bazin learned that Cooks had an outstanding warrant, and she placed him under arrest for the outstanding warrant. Another officer arrived at the scene to assist Officer Bazin.

Officer Bazin testified that she searched Cooks, but that she did not conduct a thorough search of his person. Officer Bazin stated that being a female officer, she was cautious in searching Cooks's crotch area and that she was aware a more thorough search would be conducted by a male officer at the jail.

Officer Bazin handcuffed Cooks and placed him in the back of the patrol car without fastening the safety belt. Cooks was in the patrol car unattended for a short time while Officer Bazin and the other officer at the scene discussed the arrangements for someone to pick up Cooks's vehicle. The cameras in the patrol car recorded Cooks's movements. The video was played for the jury, and it shows Cooks moving around in the backseat. At trial, Officer Bazin demonstrated that she was able to reach her crotch area while handcuffed.

Officer Bazin took Cooks to the police station, and she testified that she smelled a foul odor in the patrol car. At the police station, Cooks was booked for the outstanding warrant, and Officer Bazin completed the paperwork relating to the arrest. Officer Bazin then returned to her car where she again smelled a foul odor. Officer Bazin

searched the backseat of the patrol car, and she found a bag of marijuana and a mint tin under the seat. Officer Bazin explained that the seats are not attached to the bottom and that they are able to be removed. The mint tin contained small "white bricks" that were determined to be cocaine.

Officer Bazin testified that before her shift, she conducted a thorough search of her patrol car. Officer Bazin looked under the rear seats, and there was nothing in the patrol car. Officer Bazin further testified that she made no other arrests that night prior to the arrest of Cooks.

Cooks specifically argues that the evidence is insufficient to show that he was in possession of the controlled substance. To prove unlawful possession of a controlled substance, the State must establish that (1) the accused exercised care, control, or management over the contraband, and (2) knew the substance was contraband. *Poindexter v. State*, 153 S.W.3d 402, 405 (Tex. Crim. App. 2005). The elements of possession may be proven through direct or circumstantial evidence; although the evidence must establish that the accused's connection with the substance was more than fortuitous. *Id*. at 405-06.

Cooks argues that the only link between him and the controlled substance was that Officer Bazin stated that she found it underneath the seat where he had been sitting. The "affirmative links rule" is designed to protect the innocent bystander from conviction based solely upon his fortuitous proximity to someone else's drugs. *Poindexter v. State*, 153 S.W.3d at 406. There was evidence that no one else was in the car prior to the arrest of Cooks. Officer Bazin thoroughly searched the patrol car prior

to her shift, and she did not make any arrests prior to the arrest of Cooks. Officer Bazin smelled a foul odor after placing Cooks in the patrol car, and she testified that she has a particular sensitivity to the smell of marijuana. The jury viewed the video from the patrol car that showed Cooks's movements in the back seat of the patrol car. The jury heard the evidence and could rationally have concluded Cooks placed the controlled substance in the back of the patrol car. *Gullatt v. State*, 368 S.W.3d 559, 564 (Tex.App.-Waco 2011, pet ref'd). We overrule the sole issue on appeal.

We affirm the trial court's judgment.


AL SCOGGINS
Justice

Before Chief Justice Gray,
     Justice Davis, and
     Justice Scoggins
Affirmed
Opinion delivered and filed October 10, 2013
Do not publish
[CR25]