

IN THE
TENTH COURT OF APPEALS

No. 10-14-00016-CR

STELLA ARELLANO FIGUEROA,

Appellant

v.

THE STATE OF TEXAS,

Appellee

From the 85th District Court
Brazos County, Texas
Trial Court No. 11--3802-CRF-85

## MEMORANDUM OPINION

After a bench trial, the trial court convicted Stella Figueroa of the offense of burglary of a habitation and assessed her punishment at five years confinement. We affirm.

### Sufficiency of Evidence

In her sole issue on appeal, Figueroa argues that the evidence is insufficient to support her conviction. The Court of Criminal Appeals has expressed our standard of review of a sufficiency issue as follows:

In determining whether the evidence is legally sufficient to support a conviction, a reviewing court must consider all of the evidence in the light most favorable to the verdict and determine whether, based on that evidence and reasonable inferences therefrom, a rational fact finder could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 318-19 (1979); *Hooper v. State*, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007). This "familiar standard gives full play to the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts." *Jackson*, 443 U.S. at 319. "Each fact need not point directly and independently to the guilt of the appellant, as long as the cumulative force of all the incriminating circumstances is sufficient to support the conviction." *Hooper*, 214 S.W.3d at 13.

*Lucio v. State*, 351 S.W.3d 878, 894 (Tex. Crim. App. 2011), *cert den'd*, 132 S.Ct. 2712, 183 L.Ed.2d 71 (2012).

The Court of Criminal Appeals has also explained that our review of "all of the evidence" includes evidence that was properly and improperly admitted. *Conner v. State*, 67 S.W.3d 192, 197 (Tex. Crim. App. 2001). And if the record supports conflicting inferences, we must presume that the factfinder resolved the conflicts in favor of the prosecution and therefore defer to that determination. *Jackson v. Virginia*, 443 U.S. 307, 326, 99 S. Ct. 2781, 61 L. Ed. 2d 560 (1979). Further, direct and circumstantial evidence are treated equally: "Circumstantial evidence is as probative as direct evidence in establishing the guilt of an actor, and circumstantial evidence alone can be sufficient to establish guilt." *Hooper v. State*, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007). Finally, it is well established that the factfinder is entitled to judge the credibility of witnesses and can choose to believe all, some, or none of the testimony presented by the parties. *Chambers v. State*, 805 S.W.2d 459, 461 (Tex. Crim. App. 1991).

Stella Figueroa and Manuel Hernandez are the parents of N.F. and E.F. Stella and Manual began having marital problems, and Manuel took the children to stay with his mother, Elvira Hernandez. The children had been with Elvira a few days when Stella went to Elvira's home to get the children. Elvira testified at trial that Stella was banging on the door and yelling. The children became upset and started crying. Stella told Elvira that she had come for the children and that she was going to take them far away where Elvira and Manuel would never see them again. Elvira stayed inside of the house with the children, and the police arrived.

The police officer talked to N.F. and N.F. said that she did not want to go with Stella. The police officer told Elvira to call Manuel to come to the residence so that he and Stella could discuss the issues. Manuel arrived and Stella began screaming at him. Both Manuel and Stella left the residence, and the children remained there with Elvira. Elvira testified that Stella returned later that night around 8:00 p.m. and told Manuel that she wanted her children. Manuel told her she was not taking them until they talked, and Stella left.

Elvira testified that after Stella left, she got the children ready for bed, and then she was getting herself ready for bed. Elvira heard the children crying, and she was going to the bedroom to check on them. When she passed through the kitchen, Stella's cousin, Mariesol Saldana, was in the kitchen with a stun gun. Stella was in the children's bedroom trying to take the children. Elvira told Stella to let the children go, and Stella yelled to Mariesol "kill her." Mariesol told Elvira that she was going to kill her. Elvira stated that she tried to protect herself with a chair, but Mariesol shot her

with the stun gun, and she fell to the floor.  Stella tried to leave the house with the children, but Manuel and Elvira took the children from her.

Maria Hernandez, Elvira's daughter, testified that she lived in the home with Elvira, her father, her son, N.F., and E.F.  On the night of the offense, Maria was in the bedroom when she heard Elvira screaming.  Maria came out of her room and saw Elvira fighting with Stella and Mariesol.  Maria heard Stella yelling at Mariesol, "Kill her.  Kill the b –ch."  Maria called 9-1-1.  Maria said that Elvira told her she had been shot with the stun gun and showed her a red mark on her body.  Stella left when she heard the police, and an ambulance came to the residence for Elvira.

Stella argues that the evidence is insufficient to show that Stella entered Elvira's house unlawfully.  A person commits the offense of burglary of a habitation if, without the effective consent of the owner, the person enters a habitation with intent to commit a felony, theft, or an assault.  TEX. PENAL CODE ANN. § 30.02 (a) (West 2011).  Stella concedes that the evidence is sufficient to show that Elvira was assaulted in her home; however, she contends that the evidence is insufficient to show that she did not have consent to enter the home.  Stella claims that she had an open invitation to be in the home pursuant to her relationship with the Hernandez family.

Although Stella had been a frequent guest in the Hernandez home and was welcomed on previous occasions, there is no evidence that she had an open invitation to enter the home.  Earlier that day, Stella was banging on the door of the house seeking to enter the house and take the children, and Elvira did not invite her into the home.  The police were called to the residence.  Elvira and Maria both testified that Stella did not

have permission to be in the home that night. We find that the evidence is sufficient to support the conviction. We overrule the sole issue on appeal.



AL SCOGGINS<br>Justice

Before Chief Justice Gray,
     Justice Davis, and
     Justice Scoggins
Affirmed
Opinion delivered and filed September 4, 2014
Do not publish
[CR 25]

