

# IN THE
# TENTH COURT OF APPEALS

### No. 10-15-00044-CR

**DANNY XAVIER REYNOSO,**

**Appellant**

**v.**

**THE STATE OF TEXAS,**

**Appellee**

**From the 54th District Court
McLennan County, Texas
Trial Court No. 2013-387-C2**

## MEMORANDUM OPINION

Danny Xavier Reynoso was convicted of two counts of aggravated sexual assault of a child (Counts I and II) and two counts of indecency with a child by contact (Counts IV and V). TEX. PENAL CODE ANN. §§ 22.021(a)(1)(B)(i); 21.11(a)(1), (c) (West 2011). He was sentenced to 36 years in prison for each aggravated sexual assault count and 15 years in prison for each indecency count. Because the evidence is sufficient to support the jury's determination that Reynoso's actions were voluntary, we affirm the trial

court's judgment.

**BACKGROUND**

H.R., the four-year-old niece of Reynoso, was spending the night at her grandmother's house. Reynoso lived there as well. He came home from having a few beers after work and, after eating, laid down on a sectional couch with H.R. The next morning, H.R. told her mother that Reynoso had touched her. The police were notified, and an interview and sexual assault exam were conducted.

**SUFFICIENCY OF THE EVIDENCE**

In his sole issue, Reynoso contends the evidence is insufficient to establish that his conduct in each count was voluntary. In his statement to police and after denying he committed the offenses, Reynoso made various claims that he may have unknowingly done things to H.R. in his sleep, while he was blacked out, or because he was intoxicated. He did not request an instruction in the charge to the jury regarding the voluntariness of his actions.

*Standard of Review*

The Court of Criminal Appeals has expressed our standard of review of a sufficiency issue as follows:

> In determining whether the evidence is legally sufficient to support a conviction, a reviewing court must consider all of the evidence in the light most favorable to the verdict and determine whether, based on that evidence and reasonable inferences therefrom, a rational fact finder could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 318-19 (1979); *Hooper v. State*, 214 S.W.3d 9,

13 (Tex. Crim. App. 2007). This "familiar standard gives full play to the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts." *Jackson*, 443 U.S. at 319. "Each fact need not point directly and independently to the guilt of the appellant, as long as the cumulative force of all the incriminating circumstances is sufficient to support the conviction." *Hooper*, 214 S.W.3d at 13.

*Lucio v. State*, 351 S.W.3d 878, 894 (Tex. Crim. App. 2011).

The Court of Criminal Appeals has also explained that our review of "all of the evidence" includes evidence that was properly and improperly admitted. *Conner v. State*, 67 S.W.3d 192, 197 (Tex. Crim. App. 2001). And if the record supports conflicting inferences, we must presume that the factfinder resolved the conflicts in favor of the prosecution and therefore defer to that determination. *Jackson v. Virginia*, 443 U.S. 307, 326, 99 S. Ct. 2781, 61 L. Ed. 2d 560 (1979). Further, direct and circumstantial evidence are treated equally: "Circumstantial evidence is as probative as direct evidence in establishing the guilt of an actor, and circumstantial evidence alone can be sufficient to establish guilt." *Hooper v. State*, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007). Finally, it is well established that the factfinder is entitled to judge the credibility of witnesses and can choose to believe all, some, or none of the testimony presented by the parties. *Chambers v. State*, 805 S.W.2d 459, 461 (Tex. Crim. App. 1991).

### Voluntary Actions

As charged in this case, a defendant commits aggravated sexual assault of a child if he intentionally or knowingly causes the penetration of the sexual organ or anus of a

child younger than fourteen years of age by any means. TEX. PENAL CODE ANN. §§ 22.021(a)(1)(B)(i), (a)(2)(B) (West 2011). Further a defendant commits indecency with a child when he engages in sexual contact by touching the breast of a child younger than seventeen years of age with the intent to arouse or gratify the sexual desire of any person. *Id*. § 21.11(a)(1), (c). However, "the issue of the voluntariness of one's conduct, or bodily movements, is separate from the issue of one's mental state." *Adanandus v. State*, 866 S.W.2d 210, 230 (Tex. Crim. App. 1993). Section 6.01(a) of the Texas Penal Code requires a voluntary—*i.e.*, volitional—act as an element of guilt. TEX. PENAL CODE ANN. § 6.01(a) (West 2011) ("A person commits an offense only if he voluntarily engages in conduct, including, an act, an omission, or possession."). This is a distinct inquiry from the knowing or intentional mens rea requirement established by the provisions of section 22.021(a)(1)(B). *Whatley v. State*, 445 S.W.3d 159, 166 (Tex. Crim. App. 2014).

> "Voluntariness," within the meaning of Section 6.01(a), refers only to one's own physical body movements. If those physical movements are the nonvolitional result of someone else's act, are set in motion by some independent non-human force, are caused by a physical reflex or convulsion, or are the product of unconsciousness, hypnosis, or other nonvolitional impetus, that movement is not voluntary.

*Rogers v. State*, 105 S.W.3d 630, 638 (Tex. Crim. App. 2003).

*Evidence*

On appeal, Reynoso focuses on his claim at trial that he was unconscious by being asleep or having blacked out during the time H.R. was assaulted and touched to support his argument that his actions were involuntary. He further argues there was

insufficient evidence to show otherwise. We disagree.

In his statement to police, Reynoso tried to advance different theories as to how the assault or contact could have occurred. At trial, he tried to stick with the theory that he did not commit the offenses, expressly denying that he blacked out. He eventually stated again, however, that there was a period of time during the night that he could not remember.

Reynoso admitted at trial that he gave these various rationalizations to police because he thought the police had more physical evidence against him of a sexual assault. Reynoso admitted to police that he slept in the living room with H.R. and that H.R. laid down with him after he had fallen asleep. And he testified at trial that they were sleeping on the couch, shoulder to shoulder. Reynoso told police that he could not deny that the offenses occurred because he may have elbowed or kicked her and she took it the wrong way. But he also told police that he had previously thought about touching H.R. and that he thought she was pretty. At trial, Reynoso tried to minimize these statements saying he did not mean them in a sexual way. But his expert witness thought those statements were "damning," stating, "[Reynoso] said some things about the child that suggested interest, sexual interest in her, spoke of her almost like a girlfriend as opposed to a young child,…, admitted that he had some sexual thoughts and, …, that he had touched her in some manner." Reynoso's expert agreed that because Reynoso had told so many stories, Reynoso could not be considered consistent

in his explanations of what had occurred.

The jury also heard evidence that after a warrant was issued for Reynoso's arrest, Reynoso fled to Mexico for two and a half months. He was apprehended trying to re-enter the United States.

Reynoso further argues on appeal that because there was evidence that he had touched his girlfriend in a similar manner when they were sleeping together, the evidence was insufficient to show his actions as to H.R. were voluntary. We disagree. Reynoso offered this evidence through his own testimony and agreed that he was not laying with H.R. in the same position as he had with his girlfriend. Further, no girlfriend testified to confirm that she had been similarly touched at a time Reynoso was asleep or in a manner that would have made the touching anything other than voluntary.

Reynoso also argues that because H.R.'s forensic examination report was not introduced into evidence, this somehow makes the statements H.R. gave to the forensic doctor insufficient to show Reynoso's actions were voluntary. Again, we disagree. H.R.'s statements to the examining doctor were brought to light during the doctor's testimony. H.R. told the doctor that Reynoso picked up H.R.'s shirt and pulled down H.R.'s pants. H.R. demonstrated to the doctor that Reynoso's finger went inside her anus and into her genitals. She also told the doctor that Reynoso put his mouth on her chest. At trial, H.R. had difficulty testifying about the offenses, but indicated that

Reynoso touched her on her "front" and "bottom" where no one was supposed to touch.

**CONCLUSION**

Based on the evidence presented, we find the jury could have resolved any inconsistencies in the testimony against Reynoso and could have found beyond a reasonable doubt that Reynoso's actions were voluntary. Accordingly, Reynoso's sole issue is overruled, and the trial court's judgment is affirmed.


TOM GRAY
Chief Justice

Before Chief Justice Gray,
        Justice Davis, and
        Justice Scoggins
Affirmed
Opinion delivered and filed August 13, 2015
Do not publish
[CRPM]

