

# IN THE
# TENTH COURT OF APPEALS

## No. 10-14-00324-CR

**LEONARD ALLEN HENNARD,**

**Appellant**

**v.**

**THE STATE OF TEXAS,**

**Appellee**

**From the 40th District Court**
**Ellis County, Texas**
**Trial Court No. 39293CR**

## MEMORANDUM  OPINION

Leonard Hennard was indicted on two counts of assault family violence.  Count 1 alleged assault family violence by occlusion and Count 2 alleged assault family violence enhanced with a prior conviction.  The jury convicted Hennard on both counts, found the enhancement paragraph to be true, and assessed punishment at 20 years confinement and a $10,000 fine for each count.  We affirm.

**Judgment**

In the first issue, Hennard complains that the judgment should be modified to reflect the proper sections of the Texas Penal Code that he was found to have violated. The judgment reflects that Hennard was convicted of "Assault Family Violence/Two Counts (Count One: Assault Family Violence by Occlusion and Count Two: Assault Family Violence – Enhanced)" and references Texas Penal Code Section 22.01. The judgment further states that the offense is a third degree felony enhanced to a second degree felony. Hennard argues that the proper statute for Assault Family Violence by Occlusion is TEX. PENAL CODE ANN. § 22.01 (a) (1) and 22.01 (b) (2) (B) and the proper statute for Assault Family Violence - Enhanced is TEX. PENAL CODE ANN. § 22.01 (a) (1) and 22.01 (b) (2 (A). Hennard asks this Court to modify the judgment to reflect the proper statute.

The judgment shall reflect "the offense or offenses for which the defendant was convicted" and "the date of the offense or offenses and degree of offense for which the defendant was convicted." TEX. CODE CRIM. PROC. ANN. § 42.01 § 1 (13), (14) (West Supp. 2014). The judgment accurately reflects the offenses for which Hennard was convicted and the degree of offense for which he was convicted. We overrule the first issue.

**Prosecuting Attorney**

In the second issue, Hennard complains that the judgment should be modified to reflect the correct name of both prosecuting attorneys who represented the State. Hennard states that the judgment incorrectly identifies Patrick Wilson as the prosecuting attorney in the case, but that the record reflects that Ricky Sipes and Habon Mohamed

were actually the prosecuting attorneys at trial. Hennard, however, cites nothing to show that the elected State's attorney cannot be named in the judgment if he did not participate in the proceeding resulting in the judgment. The Code of Criminal Procedure states that a judgment shall reflect "[t]hat the case was called and the parties appeared, naming the attorney for the state, the defendant, and the attorney for the defendant." TEX. CODE CRIM. PROC. ANN. art. 42.01, § 1(2) (West Supp. 2014). The elected district attorney for Ellis County is the attorney for the State in this case. Hennard's second issue is overruled.

## Sufficiency of Evidence

In the third and fourth issues, Hennard argues that the evidence is insufficient to support his conviction for the offense of assault family violence by occlusion and that the trial court erred in denying his motion for directed verdict. The Court of Criminal Appeals has expressed our standard of review of a sufficiency issue as follows:

> In determining whether the evidence is legally sufficient to support a conviction, a reviewing court must consider all of the evidence in the light most favorable to the verdict and determine whether, based on that evidence and reasonable inferences therefrom, a rational fact finder could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 318-19 (1979); *Hooper v. State*, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007). This "familiar standard gives full play to the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts." *Jackson*, 443 U.S. at 319. "Each fact need not point directly and independently to the guilt of the appellant, as long as the cumulative force of all the incriminating circumstances is sufficient to support the conviction." *Hooper*, 214 S.W.3d at 13.

*Lucio v. State*, 351 S.W.3d 878, 894 (Tex. Crim. App. 2011), *cert den'd* , 132 S.Ct. 2712, 183 L.Ed.2d 71 (2012).

The Court of Criminal Appeals has also explained that our review of "all of the evidence" includes evidence that was properly and improperly admitted. *Conner v. State*, 67 S.W.3d 192, 197 (Tex. Crim. App. 2001). And if the record supports conflicting inferences, we must presume that the factfinder resolved the conflicts in favor of the prosecution and therefore defer to that determination. *Jackson v. Virginia*, 443 U.S. 307, 326, 99 S. Ct. 2781, 61 L. Ed. 2d 560 (1979). Further, direct and circumstantial evidence are treated equally: "Circumstantial evidence is as probative as direct evidence in establishing the guilt of an actor, and circumstantial evidence alone can be sufficient to establish guilt." *Hooper v. State*, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007). Finally, it is well established that the factfinder is entitled to judge the credibility of witnesses and can choose to believe all, some, or none of the testimony presented by the parties. *Chambers v. State*, 805 S.W.2d 459, 461 (Tex. Crim. App. 1991).

Hennard argues that the evidence is insufficient to prove that he caused injury to Tamra Colvin by "intentionally, knowingly, or recklessly impeding the normal breathing or circulation of the blood of the person by applying pressure to the person's throat or neck or by blocking the person's nose or mouth." *See* TEX. PENAL CODE ANN. § 22.01 (b-1) (3) (West Supp. 2014).

Officer Jason Esquibel, with the Red Oak Police Department, testified that on April 1, 2013, he responded to an assault call. When he arrived, Tamra Colvin approached him and said that she had gotten into a fight with her brother, Hennard. Colvin was screaming and crying. Colvin told Officer Esquibel that Hennard slapped and choked her in the living room of their home, and then the fight continued in the bedroom where

he hit her again and stomped on her. Officer Esquibel testified that Colvin had redness on her neck that was consistent with being choked. Sergeant Marc Schroeder testified that he responded to the assault call to assist Officer Esquibel. Sergeant Schroeder also observed red discoloration on Colvin's neck. Colvin told the officers that she did not want to press charges; however, she later came to the police station and stated that she did want to pursue charges against Hennard.

Katherine Young testified that on April 2, 2013, Colvin knocked on her door. Young stated that Colvin was crying and hysterical and she was yelling that Hennard beat her up. Colvin told Young that Hennard threw her out of the bedroom window and that he kicked her with his boots. Young testified that Colvin had marks around her neck that were not there earlier that day. Colvin asked Young to call the police, and Young called 9-1-1.

Colvin testified at trial, but stated that she did not want to be there. Colvin testified that on the day of the offense she had taken prescription medication and that she does not remember anything that happened that day. Colvin said that she does not remember talking to the police and that she does not remember giving a statement. When asked about the bruising on her neck on the night of the offense, Colvin stated that she had previously tried to choke herself. Colvin could not say whether or not the bruising on her neck was self-inflicted. Colvin signed an affidavit of non-prosecution three months after the offense. She testified that Hennard has never touched her and that he would not hurt her.

Officer Esquibel testified at trial that Colvin told him Hennard choked her and that Colvin had injuries consistent with being choked. Sergeant Schroeder also observed red discoloration on Colvin's neck consistent with being choked. Young also testified that Colvin had marks on her neck. The State introduced pictures showing the injuries to Colvin's neck. Colvin testified at trial that she could not remember what happened on the day of the offense. The factfinder is entitled to judge the credibility of witnesses and can choose to believe all, some, or none of the testimony presented by the parties. *Chambers v. State*, 805 S.W.2d 459, 461 (Tex. Crim. App. 1991). We find that the evidence is sufficient to support Hennard's conviction for assault family violence by occlusion. We overrule the third and fourth issues.

## Conclusion

We affirm the trial court's judgment.


AL SCOGGINS
Justice

Before Chief Justice Gray,
    Justice Davis, and
    Justice Scoggins
Affirmed
Opinion delivered and filed September 17, 2015
Do not publish
[CR25]

