# NO. 12-15-00158-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *STANLEY LIONEL BOLDEN,*<br>*APPELLANT* | § | *APPEAL FROM THE 3RD* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,*<br>*APPELLEE* | § | *ANDERSON COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

Appellant, Stanley Lionel Bolden, appeals his conviction for the offense of felon in possession of a firearm. In one issue, he contends the evidence is insufficient to support his conviction. We affirm.

## BACKGROUND

At approximately 8:00 p.m. on November 30, 2012, Corporal Marcos Lara of the Palestine Police Department observed a car driven by Appellant execute a wide turn after failing to come to a complete stop at a stop sign. Corporal Lara stopped the vehicle for running the stop sign. Appellant and Claude Beavers were the car's only occupants. Appellant's nervousness and his confused and inconsistent answers to routine questions made Lara suspicious that Appellant was hiding something. Appellant gave Corporal Lara permission to search the vehicle. A pat down of the passenger occupant of the front seat, Claude Beavers, disclosed a pistol in his pocket. Upon the discovery of the pistol, Appellant volunteered that he was driving his wife's car, that the pistol belonged to her, and that she carried it with her on trips for protection. Appellant told Corporal Lara that when it appeared they were about to be pulled over by the police, he asked Beavers to check under the front passenger's seat to see if the gun was there. When Beavers found it, he asked Beavers to hold on to it for him.

A criminal history search by the arresting officer revealed that Appellant had been convicted of aggravated robbery and had been released from imprisonment only three years before. Appellant's wife arrived at the scene from their house two blocks away. The police delivered the car and Appellant's personal effects to his wife and arrested Appellant for the offense of possession of a firearm by a felon.

**SUFFICIENCY OF THE EVIDENCE**

In his sole issue, Appellant argues that the evidence is insufficient to support his conviction.[1]

**Standard of Review and Applicable Law**

In reviewing the sufficiency of the evidence to support a conviction, the appellate court considers the evidence in the light most favorable to the verdict to determine whether the fact finder was rationally justified in finding guilt beyond a reasonable doubt. *Temple v. State*, 390 S.W.3d 341, 360 (Tex. Crim. App. 2013).

"A person who has been convicted of a felony commits an offense if he possesses a firearm . . . after conviction and before the fifth anniversary of the person's release from confinement following conviction of the felony. . . ." TEX. PENAL CODE ANN. § 46.04(a)(1) (West 2011). To support a conviction for possession of a firearm, the state must prove (1) that the accused exercised actual care, control, or custody of the firearm, (2) that the accused was conscious of his connection with it, and (3) that he possessed the firearm knowingly or intentionally. *Bollinger v. State*, 224 S.W.3d 768, 773 (Tex. App.—Eastland 2007, pet. ref'd).

The sufficiency of the evidence to prove possession of a firearm by a felon is analyzed under the same rules for determining the sufficiency of the evidence in controlled substance possession cases. *Id*. The state does not have to prove that the accused had exclusive possession of the firearm; proof of joint possession is sufficient to sustain a conviction. *Id*. at 774. The state can meet its burden with direct or circumstantial evidence, but it must establish that the defendant's connection to the firearm was more than fortuitous. *Id*. Factors which can establish that the accused's connection to the firearm was not merely fortuitous include whether the

---

[1] Appellant argues, in part, that the evidence is factually insufficient to support his conviction. "We do not review the factual sufficiency of the evidence to support a jury's finding on the elements of a criminal offense that the State is required to prove beyond a reasonable doubt." *Lucio v. State*, 351 S.W.3d 878, 895 (Tex. Crim. App. 2011).

firearm was in a car driven by the accused, whether the firearm was in a place owned by the accused, whether the firearm was conveniently accessible to the accused, whether the firearm was found in an enclosed space, and whether the accused made any affirmative statement connecting him to the firearm. *Id*.

**Discussion**

It is undisputed that Appellant was driving a car with an easily accessible handgun under the front passenger seat. Appellant had a felony conviction and was within five years of his release from confinement following that conviction. However, Appellant insists the evidence is insufficient to establish that his possession of the firearm was knowing or intentional.

There is no dispute that both the pistol and the car Appellant was driving when he was arrested belonged to his wife. She testified that she had gone to Dallas that day in that car to buy Christmas presents. She stopped by her father's house to pick up the pistol for protection during the trip. She ordinarily kept the pistol at her father's house. When she returned that evening, she and Appellant decided to go out to eat. While she got ready, Appellant took her car to fill it up with gas. He was arrested within blocks of their house. Appellant argues that when he took the car, he did not know the pistol was in it. He contends that his possession was accidental and unintentional and his connection to the weapon fortuitous.

Corporal Lara testified that when he discovered the pistol in Beavers's pocket, Appellant told him that it belonged to Appellant's wife. Appellant also told him that "the moment - - or before being pulled over, he [Appellant] realized that the handgun was most likely inside the vehicle and asked Mr. Beavers to check to see if it was there, which it was. And he asked Mr. Beavers to hold on to it for him."

It was entirely reasonable for the jury to conclude from Appellant's conduct when stopped and from Corporal Lara's testimony that Appellant knew the gun was in the car when he asked Beavers to conceal it on his person for him. The jury is entitled to judge the credibility of the witnesses and can choose to believe all, some, or none of the testimony presented by the parties. *Chambers v. State*, 805 S.W.2d 459, 461 (Tex. Crim. App. 1991). The jury chose to believe Corporal Lara's testimony.

Viewing the cumulative force of all the evidence together with the reasonable inferences therefrom in the light most favorable to the verdict, we conclude the evidence is sufficient to support the verdict. Appellant's sole issue is overruled.

## DISPOSITION

Having overruled Appellant's sole issue, we ***affirm*** the judgment of the trial court.


### BILL BASS
Justice

Opinion delivered April 13, 2016.
*Panel consisted of Worthen, C.J., Neeley, J., and Bass, Retired J., Twelfth Court of Appeals, sitting by assignment.*

(DO NOT PUBLISH)

4



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

APRIL 13, 2016

NO. 12-15-00158-CR

**STANLEY LIONEL BOLDEN,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 3rd District Court

of Anderson County, Texas (Tr.Ct.No. 31389)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

Bill Bass, Justice.
*Panel consisted of Worthen, C.J., Neeley, J. and Bass, Retired J., Twelfth Court of Appeals, sitting by assignment.*

# THE STATE OF TEXAS
# M A N D A T E

*********************************************

**TO THE 3RD DISTRICT COURT OF ANDERSON COUNTY, GREETING:**

Before our Court of Appeals for the 12th Court of Appeals District of Texas, on the 30th day of March, 2016, the cause upon appeal to revise or reverse your judgment between

**STANLEY LIONEL BOLDEN, Appellant**

**NO. 12-15-00158-CR; Trial Court No. 31389**

Opinion by Bill Bass, Justice.

**THE STATE OF TEXAS, Appellee**

was determined; and therein our said Court made its order in these words:

"Text goes here."

**WHEREAS, WE COMMAND YOU** to observe the order of our said Court of Appeals for the Twelfth Court of Appeals District of Texas in this behalf, and in all things have it duly recognized, obeyed, and executed.

**WITNESS, THE HONORABLE JAMES T. WORTHEN**, Chief Justice of our Court of Appeals for the Twelfth Court of Appeals District, with the Seal thereof affixed, at the City of Tyler, this the xx day of March, 2016.

PAM ESTES, CLERK

By: _Katrina McClenny_
Chief Deputy Clerk