

# IN THE
# TENTH COURT OF APPEALS

## No. 10-15-00149-CR

**JENNIFER DANIELS,**

**Appellant**

 **v.**

**THE STATE OF TEXAS,**

**Appellee**

### From the County Court at Law No. 2
### Ellis County, Texas
### Trial Court No. 13-11901

## MEMORANDUM  OPINION

The jury convicted Jennifer Rachelle Daniels of the offense of harassment, and the trial court assessed punishment at 180 days confinement and a $750 fine. The trial court suspended imposition of the sentence and placed Daniels on community supervision for 2 years. We affirm.

Daniels argues in her sole issue on appeal that the evidence is insufficient to support her conviction. The Court of Criminal Appeals has expressed our standard of review of a sufficiency issue as follows:

> In determining whether the evidence is legally sufficient to support a conviction, a reviewing court must consider all of the evidence in the light most favorable to the verdict and determine whether, based on that evidence and reasonable inferences therefrom, a rational fact finder could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 318-19 (1979); *Hooper v. State*, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007). This "familiar standard gives full play to the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts." *Jackson*, 443 U.S. at 319. "Each fact need not point directly and independently to the guilt of the appellant, as long as the cumulative force of all the incriminating circumstances is sufficient to support the conviction." *Hooper*, 214 S.W.3d at 13.

*Lucio v. State*, 351 S.W.3d 878, 894 (Tex. Crim. App. 2011), *cert den'd*, 132 S.Ct. 2712, 183 L.Ed.2d 71 (2012).

The Court of Criminal Appeals has also explained that our review of "all of the evidence" includes evidence that was properly and improperly admitted. *Conner v. State*, 67 S.W.3d 192, 197 (Tex. Crim. App. 2001). And if the record supports conflicting inferences, we must presume that the factfinder resolved the conflicts in favor of the prosecution and therefore defer to that determination. *Jackson v. Virginia*, 443 U.S. 307, 326, 99 S. Ct. 2781, 61 L. Ed. 2d 560 (1979). Further, direct and circumstantial evidence are treated equally: "Circumstantial evidence is as probative as direct evidence in establishing the guilt of an actor, and circumstantial evidence alone can be sufficient to

establish guilt." *Hooper v. State*, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007). Finally, it is well established that the factfinder is entitled to judge the credibility of witnesses and can choose to believe all, some, or none of the testimony presented by the parties. *Chambers v. State*, 805 S.W.2d 459, 461 (Tex. Crim. App. 1991).

Daniels rented a home from Shelis Rhone-Moore, and Rhone-Moore was completing the eviction of Daniels from the home for nonpayment of rent. While a constable was present, Rhone-Moore removed Daniels's belongings from the home and placed them on the curb. Following the removal of the property, Rhone-Moore received a voicemail from Daniels. In the call, Daniels threatened to kill Rhone-Moore for placing her property outside. Rhone-Moore reported the threatening phone call to the police.

Daniels testified at trial and admitted that it was her voice on the voicemail left for Rhone-Moore. Daniels stated that she does not recall saying that she would kill Rhone-Moore. She testified that she was upset that her property was outside, but she did not intend to hurt anyone.

Daniels specifically argues that the evidence is insufficient to support her conviction because it does not establish the requisite mens rea that she intended to harass, annoy, alarm, abuse, torment, or embarrass another. Section 42.07 of the Texas Penal Code provides that a person commits an offense if, "with intent to harass, annoy, alarm, abuse, torment, or embarrass another, the person threatens, in a manner reasonably likely to alarm the person receiving the threat, to inflict bodily injury on the person or to commit

a felony against the person, a member of the person's family or household, or the person's property." TEX.PENAL CODE ANN. § 42.07 (a) (2). (West Supp. 2015).

Intent may be inferred from acts, words, and conduct of accused. *Hernandez v. State*, 819 S.W.2d 806, 810 (Tex.Crim.App.1991) (en banc). Mental culpability is of such a nature that it generally must be inferred from the circumstances under which a prohibited act or omission occurs. *Id*. Daniels testified that she was upset with Rhone-Moore, but did not recall threatening to kill her and did not intend to hurt her. The jury heard the voicemail message Daniels left for Rhone-Moore and were able to form an opinion on intent from the tone and demeanor of Daniels in the message. The factfinder is entitled to judge the credibility of witnesses and can choose to believe all, some, or none of the testimony presented by the parties. *Chambers v. State*, 805 S.W.2d at 461. Viewing the evidence in the light most favorable to the verdict, the evidence was sufficient to support Daniels's conviction for harassment. We overrule the sole issue on appeal.

We affirm the trial court's judgment.


AL SCOGGINS
Justice

Before Chief Justice Gray,
    Justice Davis, and
    Justice Scoggins
Affirmed
Opinion delivered and filed August 3, 2016
Do not publish
[CR 25]

