

# IN THE
# TENTH COURT OF APPEALS

### No. 10-18-00007-CR

**DUSTIN SCOTT HARWELL,**

                                                            **Appellant**

 **v.**

**THE STATE OF TEXAS,**

                                                            **Appellee**

**From the 21st District Court**
**Burleson County, Texas**
**Trial Court No. 14,811**

## MEMORANDUM  OPINION

The trial court convicted Dustin Harwell of the offense of assault on a public

servant and assessed punishment at ten years confinement.  We affirm.

### State's Brief

The State's brief was due on August 10, 2018. On August 15, 2018, after not

receiving a brief, this Court sent a letter instructing the State to file a brief or a request for

extension within 14 days or to notify the Court that no brief will be filed. However, no brief has been filed, and the State has not requested additional time to file a brief.

There is no rule specifically addressing the State's failure to file a brief in response to an appellant's brief. We treat the State's failure to file a brief as a confession of error. *State v. Police*, 377 S.W.3d 33, 35 (Tex. App.—Waco 2012, no pet.); *Siverand v. State*, 89 S.W.3d 216 (Tex. App.—Corpus Christi 2002, no pet.); *see also Hawkins v. State*, 278 S.W.3d 396, 399 (Tex. App.—Eastland 2008, no pet.). The confession of error by the State is not conclusive. *Saldano v. State*, 70 S.W.3d 873, 884 (Tex. Crim. App. 2002); *State v. Police*, 377 S.W.3d at 35. We must make an independent examination of the merits of the issues presented for review. *State v. Police*, 377 S.W.3d at 35. We are limited in that examination to the arguments advanced by the State in the trial court so that we do not advance new arguments on behalf of the State. *Saldano v. State*, 70 S.W.3d at 884; *State v. Police*, 377 S.W.3d at 35.

### Sufficiency of the Evidence

In the sole issue on appeal, Harwell argues that the evidence is insufficient to support his conviction. The Court of Criminal Appeals has expressed our standard of review of a sufficiency issue as follows:

> In determining whether the evidence is legally sufficient to support a conviction, a reviewing court must consider all of the evidence in the light most favorable to the verdict and determine whether, based on that evidence and reasonable inferences therefrom, a rational fact finder could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 318-19 (1979); *Hooper v. State*, 214 S.W.3d 9,

13 (Tex. Crim. App. 2007). This "familiar standard gives full play to the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts." *Jackson*, 443 U.S. at 319. "Each fact need not point directly and independently to the guilt of the appellant, as long as the cumulative force of all the incriminating circumstances is sufficient to support the conviction." *Hooper*, 214 S.W.3d at 13.

*Lucio v. State*, 351 S.W.3d 878, 894 (Tex. Crim. App. 2011), *cert den'd*, 132 S.Ct. 2712, 183 L.Ed.2d 71 (2012).

The Court of Criminal Appeals has also explained that our review of "all of the evidence" includes evidence that was properly and improperly admitted. *Conner v. State*, 67 S.W.3d 192, 197 (Tex. Crim. App. 2001). And if the record supports conflicting inferences, we must presume that the factfinder resolved the conflicts in favor of the prosecution and therefore defer to that determination. *Jackson v. Virginia*, 443 U.S. 307, 326, 99 S. Ct. 2781, 61 L. Ed. 2d 560 (1979). Further, direct and circumstantial evidence are treated equally: "Circumstantial evidence is as probative as direct evidence in establishing the guilt of an actor, and circumstantial evidence alone can be sufficient to establish guilt." *Hooper v. State*, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007). Finally, it is well established that the factfinder is entitled to judge the credibility of witnesses and can choose to believe all, some, or none of the testimony presented by the parties. *Chambers v. State*, 805 S.W.2d 459, 461 (Tex. Crim. App. 1991).

Harwell was an inmate at the Burleson County jail. Shawn Roche, a corporal with the Burleson County Sheriff's Office, testified that on April 28, 2014, she and other jail

officers heard banging and kicking noises coming from a jail cell. They went to check on the commotion and found that Harwell was causing the disturbance. Harwell was angry because he had requested a plunger for a clogged toilet, and the jailers had not brought him a plunger. Corporal Roche testified that she tried to get Harwell to calm down, but he started calling her derogatory names. The jailers then told Harwell to get his stuff together to remove him to a separation cell, but he refused. The three jailers entered the cell and again asked Harwell to remove his belongings, but he again refused. The jailers tried to restrain Harwell, but he resisted resulting in a struggle. Corporal Roche testified that she grabbed Harwell's arm because she thought he was going to strike Paul Sodolak, another jailer. Corporal Roche said that Harwell then resisted even further throwing her against the wall causing her to strike her head. Corporal Roche stated that she later began to feel "pounding" in her head and that she experienced vision impairment and nausea. She was taken to the emergency room where she was diagnosed with a contusion and a mild concussion.

Harwell testified at trial that when the jailers entered the cell, he asked why he was going to lockup. Officer Sodolak responded, "It doesn't matter." Harwell said that Officer Sodolak then punched him in the side of the head knocking him into Roche. Harwell further testified that he is not guilty of the offense of assault on a public servant. Officer Sodolak testified at trial and denied punching Harwell in the head. Officer Sodolak stated that he and Corporal Roche were trying to restrain Harwell and that

Harwell lunged back toward Corporal Roche. Officer Sodolak did not see Corporal Roche strike her head, but her actions after the altercation indicated she had injured her head.

A person commits the offense of assault if he "intentionally, knowingly, or recklessly causes bodily injury to another." TEX. PENAL CODE ANN. § 22.01 (a)(1) (West Supp. 2017). The offense is punishable as a third-degree felony if the assault is committed against "a person the actor knows is a public servant while the public servant is lawfully discharging an official duty." TEX. PENAL CODE ANN. § 22.01 (b)(1) (West Supp. 2017).

Harwell specifically argues that the evidence is insufficient to show that he intentionally, knowingly, or recklessly caused Corporal Roche to hit her head on the wall. Corporal Roche testified that while trying to restrain Harwell, he knocked her into the wall causing her to strike her head. Harwell testified that Officer Sodolak struck him in the head causing him to inadvertently knock Corporal Roche into the wall. Officer Sodolak denied striking Harwell in the head, and there was no other evidence presented that Sodolak struck Harwell. The factfinder is entitled to judge the credibility of witnesses and can choose to believe all, some, or none of the testimony presented by the parties. *Chambers v. State*, 805 S.W.2d 459, 461 (Tex. Crim. App. 1991). Viewing the evidence in the light most favorable to the verdict, we find that the evidence is sufficient to support Harwell's conviction for assault on a public servant.

AL SCOGGINS
Justice

Before Chief Justice Gray,
      Justice Davis, and
      Justice Scoggins
Affirmed
Opinion delivered and filed October 10, 2018
Do not publish
[CR25]

