PD-1547-15
COURT OF CRIMINAL APPEALS
AUSTIN, TEXAS
Transmitted 12/1/2015 4:23:58 PM
Accepted 12/1/2015 4:31:14 PM
ABEL ACOSTA
CLERK

To The

# Court of Criminal Appeals

of

# Texas

No._____

ELMER ALVARADO
*PETITIONER*

vs.

THE STATE OF TEXAS
*RESPONDENT*

**PETITION FOR DISCRETIONARY REVIEW**

_____

On Petition for Discretionary Review from the Court of Appeals
for the First District, Houston, Texas in Cause No. 01-14-00965-CR,
affirming the conviction in Cause No. 1381604 out of the
248th District Court of Harris County, Texas.

_____

ORAL ARGUMENT WAIVED

Kyle B. Johnson
SBN: 10763570
917 Franklin, Ste. 320
Houston, Texas 77002
Tel: (713) 223-4100
Fax: (713) 224-2889

ATTORNEY FOR
PETITIONER

FILED IN
COURT OF CRIMINAL APPEALS

December 1, 2015

ABEL ACOSTA, CLERK

## INTERESTED PARTIES

Judge:                    The Honorable Katherine Cabaniss
                          Presiding Judge, 248th District Court,
                          Harris County, TX
                          1201 Franklin, 16th Floor
                          Houston, TX 77002


Prosecutors:              Ms. Erin Epley (trial)
                          Assistant District Attorney
                          Harris County District Attorney's Office
                          1201 Franklin
                          Houston, TX 77002

                          Mr. Alan Curry (appeal)
                          Assistant District Attorney
                          Harris County District Attorney's Office, Appellate
                          1201 Franklin, 6th Floor
                          Houston, TX 77002

Defense Attorneys:        Mr. Sam Cammack (trial)
                          1001 W. Loop South, Ste. 700
                          Houston, TX 77027

                          Mr. Maverick Ray (trial)
                          1419 Franklin St.
                          Houston, Texas 77002

                          Mr. Kyle B. Johnson (appeal)
                          917 Franklin, Suite 320
                          Houston, TX 77002

Appellant:                Mr. Elmer Alvarado

# TABLE OF CONTENTS

INTERESTED PARTIES. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

INDEX OF  AUTHORITIES.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . iv

STATEMENT CONCERNING ORAL ARGUMENT.. . . . . . . . . . . . . . . . . . . . . . iv

STATEMENT OF THE CASE. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

STATEMENT OF THE PROCEDURAL HISTORY.. . . . . . . . . . . . . . . . . . . . . 2

GROUND FOR REVIEW.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

ARGUMENT.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

PRAYER FOR RELIEF. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

CERTIFICATE OF SERVICE. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

CERTIFICATE OF COMPLIANCE.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

APPENDIX. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

INDEX OF AUTHORITIES

Cases

*Brooks v. State*, 323 S.W.3d 893 (Tex. Crim. App. 2010)(plurality op.). . . . . . 2, 4

*Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781,
       61 L.Ed.2d 560 (1979). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 4

*Whatley v. State*, 445 S.W.3d 159 (Tex.Crim.App. 2014).. . . . . . . . . . . . . . . . . 3

Rules

Tex. R. App. P. § 9.4(i)(3). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

Tex. R. App. P. § 66.3(c). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

STATEMENT REGARDING ORAL ARGUMENT

Oral argument is waived.

To The

# Court of Criminal Appeals

of

Texas

No._____

ELMER ALVARADO
*PETITIONER*
vs.

THE STATE OF TEXAS
*RESPONDENT*

## PETITION FOR DISCRETIONARY REVIEW

_____

On Petition for Discretionary Review from the Court of Appeals
for the First District, Houston, Texas in Cause No. 01-14-00965-CR,
affirming the conviction in Cause No. 1381604
from the 248th District Court of Harris County, Texas.

_____

TO THE HONORABLE JUDGES OF THE COURT OF CRIMINAL APPEALS:

## STATEMENT OF THE CASE

The appellant was convicted of Indecency with a Child by a jury and sentenced

to 5 years in the Institutional Division of the Texas Department of Criminal Justice.

## PROCEDURAL HISTORY

In an unpublished Memorandum Opinion delivered on October 27, 2015, a panel of the First Court of Appeals affirmed the appellant's conviction. No motion for rehearing was filed. The Petition for Discretionary Review is now due on November 26, 2015.

## GROUND FOR REVIEW

In the lower court, the appellant contended that the evidence was insufficient to support his conviction. The lower court disagreed and this ruling appears to conflict with the U.S. Supreme Court's decision in *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979) and with this Court's decision in *Brooks v. State*, 323 S.W.3d 893, 894–95 (Tex. Crim. App. 2010) (plurality op .). Tex. R. App. P. § 66.3(c).

## ARGUMENT

In this case, the complainant, Arjany Vallejo (who was seven years old at the time of trial), testified that she spent the night with the petitioner and his wife, Gloria, after attending a birthday party with their granddaughter, Hailey. According to the complainant, after the party, they all went back to the Gloria's house. She and Hailey went into Gloria's bedroom, played for while, and then fell asleep.

The complainant testified that, the next thing she remembered after falling asleep was the appellant touching her "in [her] middle part". She testified she was

2

sleeping between the appellant and Haley and was wearing some shorts with an elastic waist that Hailey loaned her. According to the complainant, the appellant touched her under her clothes. She also remembers his hand was moving and this went on for about seven seconds. The complainant testified that she then woke up Gloria and told her she wanted to move.

The complainant then was asked if she said anything to the petitioner and she responded "no". When asked why, she then responded "Because I didn't woke him up." She was then asked if she thought the appellant was asleep, and she responded "yes".

On appeal the petitioner argued that, given the complainant's testimony, no rational jury could have found that the petitioner's conduct was intentional and knowing (which the Court of Appeals took to mean "voluntary").

Relying on this Court's opinion in *Whatley v. State*, 445 S.W.3d 159 (Tex.Crim.App. 2014), the court of appeals affirmed, holding that a rational jury could infer "that Alvarado was feigning sleep". *citing Whatley* at 165-67.

Reliance on *Whatley* is misplaced because the facts are distinguishable. For the purposes of an insufficiency analysis, there simply was a lot more evidence in *Whatley* to support the conclusion that the defendant knew what he was doing. In *Whatley* (even though the complainant testified she thought the defendant was asleep), the defendant fondled the complainant on three different occasions and, on one of

3

those occasions, the defendant made the complainant touch his penis. *Id* at 161-65.

Here, there was only one instance of touching which lasted only seven seconds and there was no indication that the petitioner knew what he was doing (as opposed to *Whatley* where the defendant directed the complainant to touch him). Under the circumstances, reliance on *Whatley* was misplaced and it is the petitioner's petitioner's position that, based on the evidence here, no rational juror could "infer" beyond a reasonable doubt that the petitioner was "feigning sleep" and that his actions were done intentionally, knowingly and voluntarily. *See Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); *Brooks v. State*, 323 S.W.3d 893, 894–95 (Tex. Crim. App. 2010) (plurality op.)(When considering a challenge to the sufficiency of the evidence, the reviewing court is to examine all the evidence in the light most favorable to the verdict and determine whether a rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt.)

The evidence at trial was that the complainant thought the petitioner was sleeping at the time that he touched her. The touching happened only once, and then, only lasted seconds. Given this evidence, the State failed to establish beyond a reasonable doubt that the act was voluntary and the evidence therefore was insufficient to support the petitioner's conviction.

## PRAYER FOR RELIEF

The lower court's ruling appears to conflict directly with the Courts' rulings in *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979) and *Brooks v. State*, 323 S.W.3d 893, 894–95 (Tex. Crim. App. 2010) (plurality op.). It is requested that discretionary review be granted.

Respectfully submitted,

_____/s/   Kyle B. Johnson_____
Kyle B. Johnson
SBN: 10763570
929 Preston, Suite 200
The Kiam Building
Houston, Texas 77002
Tel:  (713)  223-4100
Fax:  (713) 224-2889

ATTORNEY FOR
ELMER ALVARADO

## CERTIFICATE OF SERVICE

I do hereby certify that a true and correct copy of the above and foregoing document has been forwarded to all counsel of record on this 17th day of June, 2014, to wit:

Alan Curry
Appellate Division
Harris County District Attorney's Office
1201 Franklin
Houston, Texas 77002

Ms. Lisa C. McMinn
State Prosecuting Attorney
P.O. Box 12405
Capital Station, Austin, Texas 78711


/s/    Kyle B. Johnson
Kyle B. Johnson


## CERTIFICATE OF COMPLIANCE

I certify that this brief is in compliance with Tex. R. App. Proc. Rule 9.4(i)(3) in that it contains 506 words.


/s/ Kyle B. Johnson
Kyle B. Johnson

Court of Appeals Opinion



In The

# Court of Appeals

For The

# First District of Texas

_____

## NO. 01-14-00965-CR

_____

## ELMER ALVARADO, Appellant

## V.

## THE STATE OF TEXAS, Appellee

On Appeal from the 248th District Court
Harris County, Texas
Trial Court Case No. 1381604

## MEMORANDUM OPINION

Appellant Elmer Alvarado was indicted for the offense of Super-Aggravated Sexual Assault of a Child (under 6 years old). The jury found Alvarado guilty of the lesser charge of Indecency with a Child, and Alvarado was sentenced to 5

years' confinement.  Alvarado appeals, contending that the evidence is insufficient to support the judgment.  We affirm.

## Background

On February 16, 2013, five-year-old Anna went to her aunt Gloria's house so that she could go to a birthday party with Gloria's granddaughter, Heather.[1] After the party, Anna spent the night at Gloria's house.  Anna, Heather, Gloria, and Gloria's husband, Alvarado, all slept in the same bed together.  Alvarado slept to the far left, with Anna at his side, then Heather, and finally Gloria to the far right.

During the night, Anna woke up upon feeling Alvarado's hand under her pants and underwear.  For roughly "seven Mississippis," Anna felt Alvarado's hand touching inside her "middle part."  Alvarado's hand was moving, and then Anna felt Alvarado scratch her.  Anna moved away by waking up Gloria and asking to trade spots on the bed.  After trading spots, Anna went back to sleep without saying anything to Alvarado or to Gloria about what she felt.

The next night, Anna was back at home with her mother, Rita.  Rita was helping Anna wash herself in the bath, but Anna did not want her mother to touch her pelvic area.  Rita had never known Anna to act that way, so after the bath, Rita asked Anna if someone had touched her.  With a shocked expression, Anna replied, "yes."  Anna went on to tell her mother that Alvarado touched her under

---

[1]     We refer to the complainant, her mother, and the complainant's young cousin by the pseudonyms "Anna," "Rita," and "Heather," respectively.

2

her underwear and "scratched" her in her "cookie"—a term Anna used to refer to her vaginal area.

The next day, Rita took Anna to the doctor to examine an injury to Anna's foot that occurred during the birthday party. While there, she also asked the doctor to examine Anna's vaginal area, but she offered no explanation as to why. The doctor did not find any physical indications of trauma. When the doctor asked Anna if anyone had touched her, Anna denied ever being touched inappropriately.

Rita did not report the incident to the police or Child Protective Services until after talking with school personnel. Officer V. Caster with the Houston Police Department's Juvenile Sex Crimes division spoke with Rita and Anna, prepared an offense report, and set up an interview with the Children's Assessment Center ("CAC"). Officer Caster also spoke with Alvarado, who voluntarily met with Caster at her office. An investigator specializing in interviewing children later talked with Anna at the CAC and testified that Anna provided a clear and consistent explanation of who, where, and what happened to her.

### Discussion

Alvarado contends that insufficient evidence supports his conviction. Particularly, Alvarado maintains that there is insufficient evidence to conclude that Alavarado knowingly or intentionally touched Anna because Anna testified that she thought Alvarado was asleep during the incident.

3

## A.    Standard of Review

When evaluating the legal sufficiency of the evidence in jury trials and in bench trials, we view the evidence in the light most favorable to the verdict and determine whether any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979); *Whatley v. State*, 445 S.W.3d 159, 166 (Tex. Crim. App. 2014); *Brooks v. State*, 323 S.W.3d 893, 902 (Tex. Crim. App. 2010). The standard is the same for both direct and circumstantial evidence cases. *King v. State*, 895 S.W.2d 701, 703 (Tex. Crim. App. 1995).

On appeal, we do not resolve any conflict of fact, weigh any evidence, or evaluate the credibility of any witnesses, as this is the function of the trier of fact. *See Dewberry v. State*, 4 S.W.3d 735, 740 (Tex. Crim. App. 1999). We therefore resolve any inconsistencies in the evidence in favor of the verdict, *Matson v. State*, 819 S.W.2d 839, 843 (Tex. Crim. App. 1991), and "defer to the [trier of fact's] credibility and weight determinations." *Marshall v. State* 210 S.W.3d 618, 625 (Tex. Crim. App. 2006). To the extent that the record contains evidence supporting conflicting inferences, we presume that the jury resolved conflicts in favor of its verdict. *Temple v. State*, 390 S.W.3d 341, 360 (Tex. Crim. App. 2013) (citing *Jackson*, 443 U.S. at 326).

4

**B.     Applicable Law**

In order to obtain a conviction for the offense of indecency with a child by touching, the evidence must show beyond a reasonable doubt that a defendant (1) knowingly and intentionally (2) engaged in sexual contact (3) with a child (4) younger than 17 years of age (5) who was not the defendant's spouse. TEX. PENAL CODE ANN. § 21.11(a)(1). In addition to the knowing or intentional *mens rea* requirement established by section 21.11(a)(1), the Texas Penal Code further requires a voluntary act as an element of guilt. TEX. PENAL CODE ANN. § 6.01(a) ("A person commits an offense only if he voluntarily engages in conduct, including an act, an omission, or possession."). "[T]he issue of the voluntariness of one's conduct, or bodily movements, is separate from the issue of one's mental state." *Adanandus v. State*, 866 S.W.2d 210, 230 (Tex. Crim. App. 1993) (quoted by *Whatley*, 445 S.W.3d at 166).

> "Voluntariness," within the meaning of Section 6.01(a), refers only to one's own physical body movements. If those physical movements are the nonvolitional result of someone else's act, are set in motion by some independent non-human force, are caused by a physical reflex or convulsion, or are the product of unconsciousness, hypnosis or other nonvolitional impetus, that movement is not voluntary.

*Rogers v. State*, 105 S.W.3d 630, 638 (Tex. Crim. App. 2003) (citations omitted).

**C.      Analysis**

Alvarado argues that because Anna testified that she thought Alvarado was sleeping when he touched her, a rational jury could not have concluded that Alvarado acted knowingly or intentionally. Though Alvarado contends that there is insufficient evidence to prove that he knowingly or intentionally touched Anna, his arguments might also be understood to question whether the conduct at issue was voluntary. *See Whatley*, 445 S.W.3d at 165–67 (whether appellant feigned sleep or was in fact asleep when he inappropriately touched complainant raised issue of voluntariness).

Anna testified at trial that she thought Alvarado was asleep when he touched her. Asked why she did not say anything to Alvarado when she awoke to find him touching her, Anna responded, "[b]ecause I didn't woke him up." The inquiry continued:

| State: | You didn't wake him up. Do you think he was asleep? |
|---|---|
| Anna: | Yes. |
| State: | How do you think his hand got under your pants? |
| Anna: | I do not know. |
| | . . . |
| State: | So, you're just guessing, huh? |
| Anna: | Yes. |

State:      Okay. 'Cause did you look at him while he was doing that?

Anna:      No.

State:      So, you don't know if his eyes were open or not, do you?

Anna:      [Nodding].

Following up on this line of questioning during cross examination, defense counsel asked Anna, "when [Alvarado] touched you, did you think it was an accident in the beginning?"  Anna agreed.  On the basis of such testimony, Alvarado argues that the only rational conclusion to be drawn by the jury was that Alvarado was in fact asleep, as Anna believed, and his actions were therefore neither intentional nor knowing.  We disagree.

Viewing the evidence and reasonable inferences therefrom in the light most favorable to the verdict, there was sufficient evidence from which a rational jury could conclude beyond a reasonable doubt that Alvarado's actions were both intentional or knowing and voluntary.  Though Anna—who was five years old at the time of the offense and seven years old at the time of trial—testified that she thought Alvarado was asleep during the incident, her testimony does not disprove voluntariness or the requisite mental state because a rational jury could infer that Alvarado was feigning sleep.  *Whatley*, 445 S.W.3d at 165–67; *Langley v. State*, No. 12-14-00095-CR, 2015 WL 2394144, at *4 (Tex. App.—Tyler May 20, 2015, no pet. h.) (not designated for publication) ("Although Jane Doe's testimony

7

showed that she believed Appellant was sleeping, this does not negate intent, as it can be inferred from the circumstances that Appellant was feigning sleep"). In *Whatley*, the child complainant testified that she believed the appellant was asleep on three different occasions when he inappropriately touched her under her clothes. *Whatley*, 445 S.W.3d at 161–65. On an appeal challenging the legal sufficiency of the evidence, the Court of Criminal Appeals observed that "[a] reasonable jury could have inferred from [complainant's] testimony that as a child she was trying to reconcile her love for her 'father,' as well as her more general desire for a father figure, with his abuse of her and, in doing so, convinced herself that he was unaware of his actions." *Id.* at 167. Thus, notwithstanding the complainant's testimony, the Court concluded that the evidence and reasonable inferences therefrom supported the jury's guilty verdict. *Id.*

Here, as in *Whatley*, notwithstanding the fact that Anna testified that she thought Alvarado was asleep when he touched her, a reasonable jury could have instead believed that Alvarado merely feigned sleep. This is particularly true in light of Anna's testimony that she did not see whether Alvarado's eyes were open or closed, that she did not hear him snoring, and that Alvarado placed his hand under her pants and underwear and proceeded to "scratch" her vaginal area. *See Chambers v. State*, 805 S.W.2d 459, 461 (Tex. Crim. App. 1991) ("As factfinder, the jury is entitled to judge the credibility of witnesses, and can choose to believe

all, some, or none of the testimony presented by the parties."); *Whatley*, 445 S.W.3d at 167 (though child complainant testified that she thought appellant was asleep when he inappropriately touched her, jury could have reasonably inferred that appellant was awake, but feigning sleep, and that his conduct was voluntary).

## Conclusion

We affirm the trial court's judgment.


Rebeca Huddle
Justice

Panel consists of Chief Justice Radack, Justice Bland, and Justice Huddle.

Do not publish. Tex. R. App. P. 47.2(b).

9