

IN THE
TENTH COURT OF APPEALS

———————

No. 10-15-00322-CR

JOSHUA DOMINGO LOREDO,

Appellant

v.

THE STATE OF TEXAS,

Appellee

———————

From the 54th District Court
McLennan County, Texas
Trial Court No. 2014-2310-C2

MEMORANDUM OPINION

Joshua Domingo Loredo was convicted of aggravated sexual assault and sentenced to 45 years in prison. *See* TEX. PENAL CODE ANN. §22.021 (West 2011). Because the evidence is sufficient to support the element of lack of consent, the trial court's judgment is affirmed.

Loredo and his girlfriend, Cheyenne, had been in a relationship since high school. After high school, it became abusive. On the morning of her 20th birthday, Cheyenne left

Loredo's house earlier than Loredo expected so that she could help her mother prepare her mother's house for Cheyenne's birthday party. Loredo was not invited and he was angry. He picked up Cheyenne from her party at about 11:30 p.m. He then drove her around Waco, beating her, choking her, threatening to run her over, and making her take her clothes off and threatening to make her walk home, naked. After about 45 minutes of this, they had sex. He took her to Wendy's to get something to eat, but Cheyenne could not eat because her mouth hurt too much from the beatings. Loredo would not take her home, but took her back to his house. The next day, Loredo's younger sister convinced Cheyenne to go to the police. Loredo was ultimately charged with two counts of aggravated sexual assault and one count of assault-family violence.[1]

In his sole issue, Loredo argues the evidence was insufficient to support his conviction for aggravated sexual assault because there was no evidence that the sexual assault occurred without Cheyenne's consent. Specifically, Loredo argues that because Cheyenne initiated the sexual encounter, there was no evidence he coerced her to have sex with him. This argument is flawed.

The jury was instructed to find Loredo guilty of aggravated sexual assault if it found beyond a reasonable doubt that Loredo intentionally or knowingly caused the

---

[1] Loredo was found guilty of the other offense of aggravated sexual assault and pled guilty to the offense of assault-family violence. The appeal of these offenses were severed from this appeal and disposed of in another appellate case number, 10-16-00161-CR.

penetration of Cheyenne's sexual organ by Loredo's sexual organ without Cheyenne's

consent. The charge also instructed that sexual assault is without consent

> if the actor compels the other person to submit or participate by the use of physical force or violence; or the actor compels the other person to submit or participate by threatening to use force or violence against the other person, and the other person believes that the actor has the present ability to execute the threat; or the other person has not consented and the actor knows the other person is unconscious or physically unable to resist.

In determining whether the evidence is legally sufficient to support a conviction,

we consider all of the evidence in the light most favorable to the verdict and determine

whether, based on that evidence and reasonable inferences therefrom, a rational

factfinder could have found the essential elements of the crime beyond a reasonable

doubt. *Jackson v. Virginia*, 443 U.S. 307, 318-19 (1979); *Lucio v. State*, 351 S.W.3d 878, 894

(Tex. Crim. App. 2011). Circumstantial evidence is as probative as direct evidence in

establishing the guilt of an actor, and circumstantial evidence alone can be sufficient to

establish guilt. *Hooper v. State*, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007). And it is well

established that the factfinder is entitled to judge the credibility of witnesses and can

choose to believe all, some, or none of the testimony presented by the parties. *Chambers

v. State*, 805 S.W.2d 459, 461 (Tex. Crim. App. 1991). Whether consent is lacking must be

determined from the totality of the circumstances in each particular case. *See Brown v.

State*, 576 S.W.2d 820, 823 (Tex. Crim. App. 1978); *Bannach v. State*, 704 S.W.2d 331, 333

(Tex. App.—Corpus Christi 1986, no pet.).

In this case, Cheyenne had endured beatings from Loredo for about 45 minutes. She endured him choking her. She endured him threatening to run her over near a church if she got out of the car. She endured him making her take her clothes off and threatening to make her walk home naked if she wanted to go home. She begged and pleaded for Loredo to let her go. She tried to make Loredo wreck the car, so she could leave. The jury heard a recording of a portion of the beatings and the choking when Loredo accidently called his younger brother and Loredo's younger sister decided the call was so disturbing, it needed to be recorded. The jury saw pictures of the bruises Loredo inflicted on Cheyenne's face and body. Cheyenne told the jury that "I come onto him because I just wanted it to stop." She agreed with the State that she was no longer able to physically resist Loredo, and she was afraid that the beatings would not stop unless she had sex with Loredo. The beatings did stop: once they had sex.

After reviewing the record in the light most favorable to the verdict, the jury could have found beyond a reasonable doubt that the sexual assault occurred without Cheyenne's consent. Loredo's sole issue is overruled, and the trial court's judgment is affirmed.

TOM GRAY
Chief Justice

Before Chief Justice Gray,
  Justice Davis, and
  Justice Scoggins
Affirmed

Loredo v. State                       Page 4

Opinion delivered and filed August 10, 2016
Do not publish
[CRPM]

