

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-24-00596-CR

Juan Carlos **ALEGRIA**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 437th Judicial District Court, Bexar County, Texas
Trial Court No. 2022CR4914
Honorable Joel Perez, Judge Presiding

Opinion by:    Adrian A. Spears II, Justice

Sitting:       Rebeca C. Martinez, Chief Justice
               Adrian A. Spears II, Justice
               H. Todd McCray, Justice

Delivered and Filed: January 21, 2026

AFFIRMED

A jury convicted Juan Carlos Alegria of one count of indecency with a child by contact. On appeal, Alegria argues the evidence is legally insufficient to support his conviction. After reviewing the record under the applicable standard of review, we conclude the evidence is sufficient to support the conviction. We affirm.

## BACKGROUND

Because this is a memorandum opinion, and the parties are familiar with the facts, we do not recite them except as necessary to advise the parties of our decision and the basic reasons for it. *See* TEX. R. APP. P. 47.4.

Alegria was indicted for one count of the offense of continuous sex abuse of a child younger than 14 years of age. Alegria pled not guilty to the allegations in the indictment and was tried before a jury. The complainant, N.M., testified that Alegria sexually abused her on multiple occasions starting when she was nine years old. The jury found Alegria guilty on the lesser included offense of indecency with a child by contact. The trial court sentenced Alegria to fifteen years in prison. This appeal followed.

## SUFFICIENCY OF THE EVIDENCE

To determine whether evidence is sufficient to support a conviction, a reviewing court views all the evidence in the light most favorable to the verdict to decide whether any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *See Jackson v. Virginia,* 443 U.S. 307, 319 (1979); *Brooks v. State,* 323 S.W.3d 893, 895 (Tex. Crim. App. 2010). "The jury is the sole judge of credibility and weight to be attached to the testimony of witnesses, and juries may draw multiple reasonable inferences from the facts so long as each is supported by the evidence presented at trial." *Tate v. State*, 500 S.W.3d 410, 413 (Tex. Crim. App. 2016). "The jury is not, however, allowed to draw conclusions based on speculation." *Id*. A reviewing court determines whether the necessary inferences are reasonable based upon the combined and cumulative force of all the evidence when viewed in the light most favorable to the verdict. *Clayton v. State,* 235 S.W.3d 772, 778 (Tex. Crim. App. 2007) (citing *Hooper v. State,* 214 S.W.3d 9, 16–17 (Tex. Crim. App. 2007)). When the record supports conflicting inferences,

a reviewing court must presume that the fact finder resolved the conflicts in favor of the prosecution and defer to that determination. *See Jackson,* 443 U.S. at 326; *Garcia v. State*, 367 S.W.3d 683, 686–87 (Tex. Crim. App. 2012).

A person commits the offense of indecency with a child by contact if, with a child younger than 17 years of age, the person engages in sexual contact with the child. *See* TEX. PENAL CODE § 21.11(a)(1). The statute defines "sexual contact" as "any touching by a person, including through clothing, of the anus, breast, or any part of the genitals of a child," provided it is "committed with the intent to arouse or gratify the sexual desire of any person." *Id*. § 21.11(c).

The trial evidence showed that Alegria was married to N.M.'s grandmother and that N.M. and her immediate family had previously lived in her grandmother and Alegria's house. N.M., who was sixteen years old by the time of trial, testified that Alegria first touched her inappropriately when she was nine years old. N.M. testified that over the next three years, Alegria had touched her vagina more than ten times, and had forced her to touch his penis more than five times. N.M. recounted one incident that occurred in the summer of 2019. N.M. was at her grandmother and Alegria's house for a party and she had been swimming in their pool. After swimming, N.M. went inside the house and used the restroom. After using the restroom, N.M. went to her former bedroom to change out of her wet clothes. Alegria was waiting for N.M. in the bedroom. N.M. already knew that Alegria was about to touch her. Alegria directed N.M. to get onto the bed and she complied. Alegria then touched N.M. over her underwear. Alegria applied enough pressure to push his finger between her vaginal lips, and he tried to stick his finger in her vagina, which caused N.M. pain. N.M. added that whenever Alegria did this to her in the bedroom, Alegria made sure that the door was closed.

In arguing that the evidence is insufficient to support his conviction, Alegria focuses on the part of his wife's testimony suggesting there was not enough time for him to have committed the offense on the day of the pool party in 2019. The defense re-called Alegria's wife to testify. On direct examination, Alegria's wife testified that on the day of the pool party N.M. was outside in the pool most of the time and that Alegria was outside cooking most of the time and she did not notice Alegria missing for any great length of time. She added that at no point did she lose sight of Alegria and that Alegria did not leave the cooking station for more than fifteen minutes. On cross-examination, the prosecutor asked Alegria's wife, "Now how long does it take for someone to pull down someone's pants and put their hands on their vagina?" Alegria's wife answered, "I don't know."

The crux of Alegria's sufficiency complaint is that the jury failed to credit his wife's testimony suggesting that he did not have sufficient time and opportunity to commit the offense and instead "reached inculpating conclusions based on pure speculation" that he had sufficient time and opportunity to commit the offense. However, the jury could have reasonably believed the testimony from N.M. that Alegria committed the offense on the day of the pool party and disbelieved the testimony from Alegria's wife suggesting that Alegria did not have sufficient time and opportunity to commit the offense. "As factfinder, the jury is entitled to judge the credibility of witnesses, and can choose to believe all, some, or none of the testimony presented by the parties." *Chambers v. State*, 805 S.W.2d 459, 461 (Tex. Crim. App. 1991). Based on N.M.'s testimony, the jury could have reasonably found that Alegria engaged in conduct that meets the required elements of indecency with a child by contact.

## CONCLUSION

We hold the evidence is sufficient to support Alegria's conviction. The judgment is affirmed.

Adrian A. Spears II, Justice

DO NOT PUBLISH